Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# OPINION

No. 04-12-00256-CV

**IN THE INTEREST OF A.W.**, et al., Children

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2011-PA-01229
Honorable Richard Garcia, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
Phylis J. Speedlin, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  October 3, 2012

DISMISSED FOR LACK OF JURISDICTION

This is an appeal of an order terminating appellant's parental rights.  The associate judge signed a handwritten Associate Judge's Report and Order on March 21, 2012.  If the Associate Judge's Report and Order is a final, appealable order, the notice of appeal was due to be filed on April 10, 2012.  *See* TEX. FAM. CODE ANN. § 263.405(a) (West Supp. 2011); TEX. R. APP. P. 26.1(b).  Appellant filed his notice of appeal on April 26, 2012.  A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time.  *See Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)

(construing the predecessor to Rule 26). In this case, however, appellant failed to file his notice of appeal within the fifteen-day grace period, which ended on April 25, 2012.[1]

Appellant's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), asserting this court has jurisdiction to consider appellant's appeal; however, the appeal is frivolous and without merit. *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003, no pet.) (mem. op.) (applying *Anders* procedure in appeal from termination of parental rights). With regard to the jurisdictional issue, appellant's attorney initially argues that this court should not consider the Associate Judge's Report and Order to be a final, appealable order. Instead, appellant's attorney argues that the trial court's typewritten twenty-two page order signed on May 8, 2012 should be considered the final order.

In *Pursley v. Ussery*, this court previously addressed whether a handwritten "Final Order" that disposed of the only issue that remained pending before the trial court constituted a final judgment despite the trial court's subsequent execution of a typewritten judgment. 982 S.W.2d 596, 599-600 (Tex. App.—San Antonio 1998, pet. denied). Pursley argued that we should not take the position that a typewritten order signed more than thirty days after a handwritten order was void because the execution of the typewritten order reflected common practice. *Id*. at 599. We rejected this argument, noting "[b]ut whether this is 'common practice' is irrelevant to whether the [handwritten] order was a final judgment." *Id*. We held that the handwritten order was a final, appealable judgment because it was presumed to be final as it followed a conventional trial on the merits and it in fact disposed of the only issues and parties before the court. *Id*.

---

[1] On May 16, 2012, this court issued an order requiring appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. After reviewing the response filed, this court ordered the jurisdictional issue to be carried with the appeal.

In *In re Rivera*, No. 04-12-00025-CV, 2012 WL 219591, at *1 (Tex. App.—San Antonio Jan. 25, 2012, orig. proceeding) (mem. op.), this court addressed what effect should be given to a judge's handwritten notes. This court cited *State v. Fuller*, No. 04-06-00898-CR, 1997 WL 136541, at *1 (Tex. App.—San Antonio March 26, 1997, no writ) (not designated for publication), to assert that a judge's notes are for his or her own convenience and form no part of the record. *Id*.

In this case, the record contains judge's notes from several hearings held by the associate judge, including the March 19, 2012 hearing that resulted in the Associate Judge's Report and Order signed on March 21, 2012. Accordingly, the Associate Judge's Report and Order is clearly distinct from the judge's notes from the March 19, 2012 hearing. Moreover, the Associate Judge's Report and Order states that the trial court held a trial on the merits which gives rise to a presumption of finality. *See Pursley*, 982 S.W.2d at 598 (citing *North East I.S.D. v. Aldridge*, 400 S.W.2d 893, 897-898 (Tex. 1966)). The Associate Judge's Report and Order also contains the following typewritten language, "After hearing, the following orders are issued based on the findings and recommendations of the associate judge. All parties have been notified of the contents of these ruling [sic] and right of appeal pursuant to Chapter 201, Texas Family Code." Finally, although adoption by the district judge was not required, the Associate Judge's Report and Order was signed as being adopted by the district judge on March 21, 2012. *See* TEX. FAM. CODE ANN. § 201.2041(a) (West 2008). Therefore, in view of all of the foregoing, it appears that the handwritten Associate Judge's Report and Order was a final, appealable order.

In addition to arguing that the typewritten order was the final order, the *Anders* brief also asserts that the handwritten order cannot be considered final because it does not contain the

prominently displayed statement required to be included in a final order under section 263.405(b) of the Texas Family Code. TEX. FAM. CODE ANN. § 263.405(b) (West Supp. 2012). Although it might be erroneous not to include this statement, we conclude that the absence of the statement does not affect the finality of the handwritten order.

The *Anders* brief further asserts that the handwritten order did not contain the specific findings required by section 161.001. Where an order does not contain such findings, however, the finality of the order is not affected. Instead, the appellate court will remand for additional findings. *See In re M.H.*, 745 S.W.2d 424, 426 (Tex. App.—Houston [14th Dist.] 1988, no writ).[2]

Finally, the *Anders* brief asserts *Pursley* is a divorce case, and parental rights are of constitutional dimension; therefore, *Pursley* should be distinguished on this basis. The Texas Supreme Court, however, has rejected a constitutional argument with regard to preservation of error in parental termination cases, stating, "a court of appeals must not retreat from our error-preservation standards to review unpreserved charge error in parental rights termination cases." *In re B.L.D.*, 113 S.W.3d 340, 355 (Tex. 2003). Similarly, a court of appeals should not retreat from the law governing the finality of judgments in parental rights termination cases.[3]

---

[2] We further note that the handwritten order states that the termination was based on the grounds stated on the record. The *Anders* brief cites one page of the Department's argument in the reporter's record to contend that only one ground was stated on the record; however, the typewritten order included three different grounds. The page after the cited page in the reporter's record, however, included the Department's argument on three additional grounds, and the typewritten order actually included all four grounds argued by the Department as the basis for the termination.

[3] The *Anders* brief does not raise an issue with regard to ineffective assistance for failing to timely file the notice of appeal. Where the issue was raised in one of our sister courts, however, that court reasoned:

> Appellant further claims trial counsel's failure to file a notice of appeal constituted ineffective assistance. This court, however, does not have jurisdiction to consider any appeal unless our jurisdiction has been timely invoked. *In re K.A.F.*, 160 S.W.3d at 928. We are aware of no authority allowing an appeal to continue because of ineffective assistance of counsel in failing to timely file the appeal. Although the higher court may grant an out-of-time appeal on these grounds, we may not suspend the rules to alter the time to perfect a civil appeal. *See id.*

**CONCLUSION**

Based on the record presented in the instant case, we hold that the Associate Judge's Report and Order signed on March 21, 2012, was a final, appealable order. Accordingly, the appellant's notice of appeal was untimely filed, and this appeal is dismissed for lack of jurisdiction.

Catherine Stone, Chief Justice

---

(claim that appellant should be allowed to pursue an out-of-time appeal on grounds of ineffective assistance had not been preserved by raising it in the court of appeals); and Tex. R. App. P. 2.

*In re R.B.M.*, 338 S.W.3d 755, 757-58 (Tex. App.—Houston [14th Dist.] 2011, no pet.); *see also In re J.G.*, No. 01-11-00395-CV, 2012 WL 3041311, at *1 n.1 (Tex. App.—Houston [1st Dist.] July 26, 2012, no pet.) (mem. op.) (quoting several courts holding the Texas Supreme Court has not granted an out-of-time appeal in a parental termination case including this court's decision in *In re Deleon*, No. 04-04-00434-CV, 2004 WL 1453489, at *1 (Tex. App.—San Antonio June 30, 2004, orig. proceeding) (mem. op.) ("We are unaware of an instance where the Texas Supreme Court has granted an out-of-time appeal in a parental termination case.)).