

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-13-00508-CV

**IN THE INTEREST OF A.R.G.**, A.L.G., and J.P.C., Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-PA-01536
Honorable Michael E. Mery, Judge Presiding[1]

Opinion by: Sandee Bryan Marion, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: December 11, 2013

REVERSED AND REMANDED

This is an appeal from the trial court's termination of appellant's parental rights to her three children. On appeal, appellant challenges the legal and factual sufficiency of the evidence in support of the trial court's findings. Because the termination order in this case prevents this court from conducting a proper sufficiency review, we reverse and remand.

## DISCUSSION

The Department sought to terminate appellant's parental rights on seventeen different grounds. A trial court "may order termination of the parent-child relationship if the court finds by

---

[1] The Honorable Richard Garcia, Associate Judge, signed the "Associate Judge's Report and Order" at issue in this appeal. This handwritten order was later adopted and signed by the district court judge, the Honorable Michael E. Mery.

clear and convincing evidence" at least one of the statutory grounds and that termination is in the child's best interest. TEX. FAM. CODE ANN. § 161.001(1), (2) (West Supp. 2013). "If the court finds by clear and convincing evidence grounds for termination of the parent-child relationship, it shall render an order terminating the parent-child relationship." *Id.* § 161.206(a) (West 2008). "An order rendered under this section must include a finding that: (1) a request for identification of a court of continuing, exclusive jurisdiction has been made as required by Section 155.101; and (2) all parties entitled to notice, including the Title IV-D agency, have been notified." *Id.* § 161.206(d).

In this case, at the conclusion of the termination hearing, the associate judge hearing the case took the matter under advisement; therefore, there are no oral findings. The clerk's record contains a hand-written "Associate Judge's Report and Order" in which the trial court writes "Mother's parental rights terminated on grounds of c/a and fail [sic] to do FSP." The order does not identify the "Pat uncle & aunt" who were appointed as "Jt,M/C." The order does not identify the father who was appointed "PC." The order does not identify the mother whose parental rights were terminated. The order contains no identifying information about the children subject to the order. The order also contains no explicit finding that termination of appellant's parental rights is in the children's best interest. Finally, the order does not contain the section 161.206 findings.

An "Associate Judge's Report and Order" is a final appealable termination order.[2] *See In re A.W.*, 384 S.W.3d 872 (Tex. App.—San Antonio 2012, no pet.). However, here, this court, the parties, and any other interested party can only guess the meaning of the judge's short-hand,

---

[2] Although not contained in the clerk's record on appeal, this court obtained a copy of a type-written, twelve-page "Final Order in Suit Affecting the Parent-Child Relationship and Order of Termination," which was signed on August 12, 2013. A "trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). The August 12, 2013 order was signed more than thirty days after the "Associate Judge's Report and Order" and no motion or other pleading extending the trial court's plenary power was filed.

abbreviated notes and assume implicit findings.  The lack of a best interest finding, the lack of any identifying information, and the trial court's use of vague abbreviations for the grounds of termination place this court in the position of reviewing the evidence in support of findings about which we must speculate because the findings are either vague or totally absent.  Because we cannot conduct a proper review of the evidence based on this order, we reverse that portion of the order terminating appellant's parental rights and remand for further proceedings in the interest of justice.

Sandee Bryan Marion, Justice