

# Fourth Court of Appeals
## San Antonio, Texas

August 27, 2014

No. 04-14-00542-CV

**CITY OF LEON VALLEY** and Irene Baldrige,
Appellants

v.

**WM. RANCHER ESTATES JOINT VENTURE**, Rafael Alfaro, Jose Alfaro, Carman Alfaro, Daniel Bee, Robert Caldwell, Anne Caldwell, Defernce Service Business, Inc., Earl Doderer, Sylvia Doderer, James Dowdy, Betty Dowdy, Issac Elizondo, Suzanne Elizondo, Et al.,
Appellees

From the 225th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-03399
Honorable Laura Salinas, Judge Presiding

# O R D E R

Appellants City of Leon Valley, Texas, Unknown Employee(s) of City of Leon Valley, and Irene Baldridge filed a notice of interlocutory appeal, asserting they were appealing from a trial court's June 27, 2014 order denying their pleas to the jurisdiction. In the filing in this court, appellants also included a copy of the alleged order they sought to appeal. Upon review, we advised that he document relied upon by appellants is not actually an order or judgment, but is, in fact, a document entitled "JUDGE'S NOTES." We reminded appellants that this court has specifically held that "[a] judge's handwritten notes are for his or her own convenience and form no part of the record." *In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804584, at *1 (Tex. App.—San Antonio July 17, 2013, no pet.) (citing *In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.)). In other words, judge's notes do not constitute an appealable order. *See id.* Thus, it appeared there was no judgment or order — final or interlocutory — from which appellants could appeal.

Accordingly, we ordered appellants to show cause in writing to this court why the appeal should not be dismissed for lack of jurisdiction based on the absence of an appealable order or judgment. In response, appellants filed an advisory on August 21, 2014. In that document, appellants stated the parties attended a hearing in the trial court at which the court considered appellants' motion to enter order and a motion for summary judgment filed by one of the appellants. At the hearing, appellees requested additional time to review the summary judgment record in order to supplement their response and conduct discovery. The trial court gave the appellees additional time — to August 25, 2014 — to file the response. The trial court then announced it would render an order on appellants' pleas to the jurisdiction on August 25, 2014.

Appellants advised they would file the order with this court immediately upon receipt from the trial court.

On August 26, 2014, appellants filed a supplement to their original advisory. In that document, appellants advised that they received the trial court's order denying their pleas to the jurisdiction on August 26, 2014. A copy of the order, which was signed by the trial court on August 19, 2014, is attached to the supplemental advisory. Accordingly, there is now an interlocutory order from which appellants may appeal. Because appellants prematurely filed their notice of appeal with regard to this order, their notice of appeal is deemed filed as of August 19, 2014, the date the order was signed by the trial court. *See* TEX. R. APP. P. 27.1(a) (stating that in civil cases, prematurely filed notice of appeal is deemed filed on day of, but after, event that begins period for perfecting appeal). As to their previously filed notice of appeal, appellants have filed a motion to extend time to file their notice of appeal. We **ORDER** that motion **DENIED AS MOOT**. As noted above, the notice of appeal was prematurely filed and thereafter deemed filed as of the date — August 19, 2014 — the trial court signed the order denying appellants' pleas to the jurisdiction. *See id.*

In addition to providing the court with a copy of the order, appellants have also advised that the trial court has granted appellees additional time to respond to a motion for summary judgment filed by one of the appellants — Irene Baldridge — apparently on the same ground as asserted in her plea to the jurisdiction. The court also granted appellants time to reply to such response. However, given the signing of the order denying the pleas to the jurisdiction, there should be no further action taken in the trial court at this time with regard to this matter. Pursuant to section 51.014(b) of the Civil Practice and Remedies Code, when a governmental unit — such as the City of Leon Valley — has appealed the denial of a plea to the jurisdiction, the commencement of trial is stayed as well as all other proceedings in the trial court pending resolution of the interlocutory appeal. TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(b) (West Supp. 2014) As noted, appellants have filed a notice of appeal from the trial court's order denying their pleas to the jurisdiction. Once the notice of appeal was filed, all proceedings in the trial court, including any trial, were automatically stayed pursuant to the statute. Moreover, there will be no need for appellants to file a "supplemental motion to extend time to file notice of appeal" as suggested in the supplemental advisory. The summary judgment proceedings are stayed and given the filing of the notice of appeal from the pleas, separate and apart from same.

Because the notice of appeal has now been deemed filed as of August 19, 2014, the clerk's record and any reporter's record must be filed in this court on or before August 29, 2014. *See* TEX. R. APP. P. 35.1(b). (stating that in accelerated appeal, record must be filed within ten days after notice of appeal is filed). The clerk previously filed a notice of late record, stating no payment had been made for the record. In response, we ordered appellants to pay for the clerk's record or we would dismiss the appeal for want of prosecution. However, at the time the notice of late record was filed, there was no appealable order and the record was not yet due. Accordingly, we **ORDER** appellants to disregard the portion of our August 20, 2014 order that required them to provide written proof of payment for the clerk's record on or before September 2, 2014. However, because there is now an appealable order and a notice of appeal, appellants must request and pay for the appellate record so that it be filed in accordance with the deadlines set forth in the Rules of Appellate Procedure, i.e., by August 29, 2014. *See id.*

We **order** the clerk of this court to serve a copy of this order on the trial court, the district clerk, the court reporter, and all counsel.

_____

Marialyn Barnard, Justice

    IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 27th day of August, 2014.



_____

Keith E. Hottle
Clerk of Court