## IN RE E.K.C.

### No. 04–15–00457–CV

Court of Appeals of Texas,
San Antonio.

Delivered and Filed: January 13, 2016

Shawn Darrick Sheffield, Law Office of Shawn Sheffield, San Antonio, for Appellant.

Colby Stout, Kevin Terrill, Nicolas A. LaHood, Bexar County District Attorney's Office, San Antonio, TX, for Appellee.

Sitting: Karen Angelini, Justice, Rebeca C. Martinez, Justice, Luz Elena D. Chapa, Justice

## OPINION

Luz Elena D. Chapa, Justice

Alexander C.[1] seeks to appeal the trial court's order terminating the parent-child relationship between him and E.K.C., arguing the evidence is legally and factually insufficient to support the trial court's finding that termination is in the best interest of the child. We conclude that Alexander's notice of appeal was not timely filed and therefore dismiss the appeal for lack of jurisdiction.

### BACKGROUND

The Texas Department of Family and Protective Services filed an original petition for protection of E.K.C. in October 2012. In April 2014, the trial court signed a final order that did not terminate either parent's rights, but named the Department E.K.C.'s sole managing conservator. The trial court granted possessory rights to E.K.C.'s mother, but denied Alexander possession of or access to E.K.C. because it would not be in the child's best interest and would endanger the child's physical or emotional welfare.

In 2015, the Department filed a petition to modify the court's April 2014 order. The petition requested the court terminate the parent-child relationship between E.K.C. and both parents and asked the court to continue the appointment of the Department as E.K.C.'s sole managing conservator. After a trial on the merits was held on May 29, 2015, the trial court took the case under advisement. On June 1, 2015, the trial court signed an "Associate Judge's Report and Order." The one-page, mostly handwritten order is prefaced by the following typewritten statement:

> AFTER HEARING, THE FOLLOWING ORDERS ARE ISSUED BASED ON THE FINDINGS AND RECOMMENDATIONS OF THE ASSOCIATE JUDGE. ALL PARTIES HAVE BEEN NOTIFIED OF THE CONTENTS OF THESE RULING [sic] AND RIGHT OF APPEAL PURSUANT TO CHAPTER 201, TEXAS FAMILY CODE.

The handwritten order recites that a trial on the merits was held on the Department's motion to modify seeking termination of both parents' rights, that the court took the matter under advisement, and that after review, the "Court issues following Order." The order then states that the petitioner's motion to modify is granted; the mother's rights are terminated on two grounds; the father's rights are terminated on two grounds; and the Department is sole managing conservator of the child. In addition, the order states "clear and convincing evidence" and "best

---

1. To protect the identity of the minor child, we refer to appellant by his first name and to the child by initials. *See* TEX. FAM. CODE ANN. § 109.002(d) (West 2014); TEX. R. APP. P. 9.8.

interest." The court included the following additional notations on the Order:

6. 20 Days after sign Judgment—if no appeal move to Push AND Adopt by 60 Days

7. Preview 8/27/15 330

8. motion enter Judg't 830 6/30/15

Following the order is typewritten language: "Rendered on 6/1/15 and signed on 6/1/15." The order is signed by the associate judge who heard the case. The order is also signed as being "adopted and ordered" by the presiding district judge on June 4, 2015.

No further action was taken in the case until June 30, when the trial court signed an order setting a placement review hearing for July 27. Then, on July 17, 2015, the associate judge signed a formal typewritten order granting the motion to modify and terminating the parents' rights. The order recites that the trial court's order was "rendered by Associate Judge's Report and Order on June 1, 2015, and ministerially signed on July 17, 2015." Alexander filed his notice of appeal on July 17, 2015.

After the clerk's record was filed, we issued an order for Alexander to show cause why the appeal should not be dismissed for lack of jurisdiction because the notice of appeal was not timely filed after the June 1, 2015 order. Alexander filed a response, arguing that his notice of appeal was timely filed because the June 1, 2015 order was interlocutory and was not a final, appealable order, and that his appeal was timely filed after the July 17 order was signed. Alternatively, Alexander argues the time for him to appeal should be extended because he did not receive timely notice of the June 1, 2015 order.

## DISCUSSION

 When an appeal is accelerated, the notice of appeal is due within twenty days after the appealable order is signed. TEX. R .APP. P. 26.1(b), 28.1(b). A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1 but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 615 (Tex.1997) (construing the predecessor to Rule 26). However, once the fifteen day period for granting a motion for extension of time under Rule 26.3 has expired, a party can no longer invoke the appellate court's jurisdiction. *Id.*

 The appellate timetable begins to run on the date the trial court signs a final order or judgment. *Farmer v. Ben E. Keith Co.*, 907 S.W.2d 495, 496 (Tex.1995) (per curiam). An order that purports to dispose of all issues and all parties, regardless of its form or language, is a final, appealable judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex.2001); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex.1995) (per curiam); *see Pursley v. Ussery*, 982 S.W.2d 596, 598–99 (Tex.App.—San Antonio 1998, pet. denied) (handwritten and signed order that disposed of remaining issue in case was final, appealable judgment, and not merely "memorandum of the trial court's rendition of judgment" as argued by appellant). If no motion for new trial or motion to modify the judgment is filed, the trial court retains plenary power to vacate, modify, correct, or reform its judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d),(e),(g). If the judgment is modified while the trial court has plenary power, the appellate timetable is restarted when the new judgment is signed. *Id.* R. 329b(h). However, any modified, corrected, or reformed judgment signed after the trial court's plenary power has expired is a nullity. *Latty*, 907 S.W.2d at 485–86.

The associate judges who hear child protection cases in Bexar County appear to have adopted a practice of rendering and signing handwritten orders that terminate parental rights and award conservatorship soon following the trial on the merits.[2] Frequently, as in this case, the handwritten order, called the "Associate Judge's Report and Order," is signed by the presiding judge of the district court as being "so adopted and ordered." Weeks and on occasion months later, a more formal and detailed typed "Final Order" is signed. The unintended consequences and difficulties posed by this practice were made apparent in several cases decided by this court.

In *In re A.W.*, 384 S.W.3d 872, 874 (Tex.App.—San Antonio 2012, no pet.), we held that the handwritten Associate Judge's Report and Order signed following the trial on the merits and which disposed of all issues and parties in the case, was a final, appealable order. Because no appeal was timely filed from that order, and the formal "Final Order" was not signed until after the trial court lost plenary power, the appeal was dismissed for want of jurisdiction. *See id.* at 873–75. The subsequent case of *In re A.R.G.*, 420 S.W.3d 841 (Tex. App.—San Antonio 2013, no pet.), also involved an Associate Judge's Report and Order that was not modified while the trial court retained plenary power over it. In that case, appellant timely appealed the Associate Judge's Report and Order. *Id.* at 842. This court reversed the order, holding that, although it was final and appealable because it disposed of all parties and issues in the case, the court's findings were too vague and ambiguous to allow for proper review. *Id.* The case was

remanded for further proceedings. *Id.* The practice of rendering a final judgment via a signed, primarily handwritten, and vague Associate Judge's Report and Order adversely affects the interests of parents seeking to appeal the termination of their rights and those of a child seeking a final adjudication and stability.

 In the case before us, this practice has caused unintended consequences. Following the May 29 trial on the merits, the trial court rendered its orders adjudicating all issues in the case in the Associate Judge's Report and Order and signed it on June 1. Although not required,[3] this order was signed as being adopted by the district judge on June 4, 2015. Nevertheless, Alexander argues the appealable order is the formal, typewritten order that was signed on July 17. Alexander contends that the June 1 Associate Judge's Report and Order is not final and is distinguishable from the order in *In re A.W.* Specifically, he argues the notations in the order that "20 Days after sign Judgment—if no appeal move to Push and Adopt by 60 Days" and "motion enter judg't 830 6/30/15" reflect the trial court's intent that the order be interlocutory and not final.

 First, we note the only issues raised by the pleadings in the case were whether the parents' rights would be terminated and whether the parents or the Department would continue as sole managing conservator of the child. No petition for adoption of the child had been filed. The trial court's purported intent to schedule prompt adoption proceedings in the case of no appeal did not make the termination order interlocutory. Alexander also argues the notation in the order about setting for hearing a motion to enter judgment indicates the court intended to take

---

**2.** This order is separate and distinct from the "Judge's Notes," which appear to be the associate judge's contemporaneous notes taken at the merits hearing.

**3.** *See* Tex. Fam. Code Ann. § 201.2041(a) (West 2014).

further action in the case before signing a final judgment. However, the Associate Judge's Report and Order disposed of all issues and did not leave any issues for future determination. In other words, there was no further action to be taken.[4] When the trial court signs an order that disposes of all remaining issues and parties in a case, the order is final and appealable and it cannot be rendered interlocutory even by language purporting to make it so. As the Texas Supreme Court has instructed:

> A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language. A judgment that actually disposes of every remaining issue in a case is not interlocutory merely because it recites that it is partial .... The language of an order or judgment cannot make it interlocutory when, in fact, on the record, it is a final disposition of the case.

*Lehmann,* 39 S.W.3d at 200.

The Associate Judge's Report and Order signed June 1, 2015, is a final, appealable order. Because no motion extending the trial court's plenary power was filed, the July 17, 2015 "Final Order" was signed after the trial court lost plenary power, and it is a nullity. *See* Tex. R. Civ. P. 329a; *Latty,* 907 S.W.2d at 486. Because the Associate Judge's Report and Order order was final and started the appellate timetable, Alexander's notice of appeal was due within twenty days after the order was signed, or a motion for extension of time was due fifteen days later. *See* Tex. R. App. P. 26.1(b), 28.1(b), 26.3; *Verburgt,* 959 S.W.2d at 615. The notice of appeal was not filed until July 17, 2015, and was therefore untimely.

Alexander argues alternatively that "[t]here is no proof that the parties were given notice of the [June 1, 2015] judgment." When a party contends he did not receive timely notice of a judgment, the beginning of the appellate timetable may be postponed if the party (1) timely complies with the sworn motion, notice, and hearing requirements of Texas Rule of Civil Procedure 306a(5), and (2) proves he received notice or actual knowledge of the judgment more than twenty but less than ninety-one days after it was signed. *In re Lynd Co.,* 195 S.W.3d 682, 685 (Tex.2006); *see* Tex. R. Civ. P. 306a; Tex. R. App. P. 4.2. Here, the Associate Judge's Report and Order recites the parties were notified of the ruling. Alexander did not file a sworn motion asserting he did not receive notice or have actual knowledge of the order, and the deadline for doing so has passed. *See Lynd,* 195 S.W.3d at 685. Accordingly, the appellate timetable began to run when the Associate Judge's Report and Order was signed, and Alexander's notice of appeal was untimely.

We therefore dismiss this appeal for lack of jurisdiction.

**4.** We also note that no motion to enter judgment was filed by any party.