

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-20-00305-CV

**IN THE INTEREST OF A.K.P.**, a Child

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01650
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Irene Rios, Justice

Delivered and Filed: August 26, 2020

DISMISSED FOR WANT OF JURISDICTION

On May 19, 2020, the trial court made notes indicating that it would terminate Appellant's rights to her children. On June 8, 2020, Appellant Mom[1] filed a notice of appeal.

The Texas Family Code authorizes appeal of a final order terminating a parent's rights to their child in accordance with "the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure." TEX. FAM. CODE ANN. § 263.405(a); *accord In re D.M.B.*, 467 S.W.3d 100, 102 (Tex. App.—San Antonio 2015, pet. denied).

Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In contrast

---

[1] We use aliases for Appellant and the child. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b).

to a signed, final judgment, a judge's notes are for the court's convenience and are not a final, appealable order or judgment. *In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.) ("[A] judge's notes are for his or her own convenience and form no part of the record."); *see also In re S.L.M.*, No. 04-16-00456-CV, 2016 WL 4537664, at *1 (Tex. App.—San Antonio Aug. 31, 2016, no pet.) (mem. op.) ("[A] judge's notes do not constitute an appealable order.").

On July 16, 2020, we advised Appellant that the record does not contain a signed, final order, and we ordered Appellant to show cause in writing by July 31, 2020, why this appeal should not be dismissed for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *Lehmann*, 39 S.W.3d at 195. We warned Appellant that if she did not timely file written proof as ordered, this appeal would be dismissed without further notice.

To date, Appellant has not filed any response to our July 16, 2020 order. Because the appellate record does not contain a final, appealable order, we dismiss this appeal for want of jurisdiction.

PER CURIAM