

# Fourth Court of Appeals
## San Antonio, Texas

April 5, 2021

No. 04-21-00107-CV

**IN THE INTEREST OF R.R., A CHILD**

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01828
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

On March 18, 2021, appellants filed a notice of appeal and a motion for extension of time to file their notice of appeal, stating their intent to appeal a "Memorandum of Order" terminating their parental rights that was signed on February 12, 2021. The clerk's record was filed on March 30, 2021. Although it does not contain a traditional final order, it includes a "Memorandum of Associate Judge's Order" that "makes all necessary findings for termination required by law" and indicates "[a]ll parties have been notified of the contents of this ruling and right of appeal." The clerk's record also indicates the Memorandum of Associate Judge's Order was signed after a trial on the merits. *See Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966).

In a parental termination appeal, an associate judge's memorandum report and order can constitute a final, appealable order if it is signed after a trial on the merits, contains the findings necessary for termination, and indicates the parties were notified of the ruling and their right to appeal. *In re A.W.*, 384 S.W.3d 872, 873–74 (Tex. App.—San Antonio 2012, no pet.). However, if a memorandum order does not clearly, unequivocally, and unmistakably indicate it is a final judgment, we must "examine the record to determine the trial court's intent." *In re R.R.K.*, 590 S.W.3d 535, 543–44 (Tex. 2019). Here, while the Memorandum of Associate Judge's Order appears to satisfy the requirements established by this court in *In re A.W.*, it also states it "is not the final order, just a memorandum of final order," and sets a "motion to enter" for a later date. Moreover, the clerk's record shows the trial court held a hearing on a motion to enter a final order on February 26, 2021, fourteen days after the signing of the Memorandum of Associate Judge's Order. Finally, the clerk's record shows that on March 1, 2021, appellants filed objections to a proposed final order terminating their parental rights. Although the clerk's record does not contain the proposed order at issue, appellants' motion objects to several paragraphs that do not appear in the February 12, 2021 Memorandum of Associate Judge's Order.

After reviewing the clerk's record, we conclude that the February 12, 2021 "Memorandum of Associate Judge's Order" is not a final order. *See In re R.R.K.*, 590 S.W.3d at 544 (concluding memorandum order was not final because record indicated neither trial court

nor parties intended it to be final). Because "an appeal may be prosecuted only from a final judgment" and the record indicates no final order has been entered in the underlying case, we **ORDER** appellants to show cause in writing **by April 26, 2021** why this appeal should not be dismissed for lack of jurisdiction on ripeness grounds. *See Aldridge*, 400 S.W.2d at 895. If appellants fail to satisfactorily respond within the time provided, the appeal will be dismissed without prejudice to refiling it once a final order is signed. *See* Tex. R. App. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellants must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_____
Beth Watkins, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 5th day of April, 2021.

_____
Michael A. Cruz,
Clerk of Court