

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00107-CV

**IN THE INTEREST OF R.R.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2019-PA-01828
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:     Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: May 5, 2021

DISMISSED FOR LACK OF JURISDICTION

On March 18, 2021, appellants filed a notice of appeal and a motion for extension of time to file their notice of appeal, stating their intent to appeal a "Memorandum of Order" terminating their parental rights that was signed on February 12, 2021. The clerk's record was filed on March 30, 2021. Although it did not contain a traditional final order, it included a "Memorandum of Associate Judge's Order" that "makes all necessary findings for termination required by law" and indicates "[a]ll parties have been notified of the contents of this ruling and right of appeal." The clerk's record also indicated the Memorandum of Associate Judge's Order was signed after a trial on the merits. *See Ne. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893, 897–98 (Tex. 1966).

In a parental termination appeal, an associate judge's memorandum report and order can constitute a final, appealable order if it is signed after a trial on the merits, contains the findings

necessary for termination, and indicates the parties were notified of the ruling and their right to appeal. *In re A.W.*, 384 S.W.3d 872, 873–74 (Tex. App.—San Antonio 2012, no pet.). However, if a memorandum order does not clearly, unequivocally, and unmistakably indicate it is a final judgment, we must "examine the record to determine the trial court's intent." *In re R.R.K.*, 590 S.W.3d 535, 543–44 (Tex. 2019). Here, while the Memorandum of Associate Judge's Order appears to satisfy the requirements established by this court in *In re A.W.*, it also states it "is not the final order, just a memorandum of final order," and sets a "motion to enter" for a later date. Moreover, the clerk's record shows the trial court held a hearing on the motion to enter a final order on February 26, 2021, fourteen days after the signing of the Memorandum of Associate Judge's Order. Finally, the clerk's record shows that on March 1, 2021, appellants filed objections to a proposed final order terminating their parental rights. Although the clerk's record does not contain the proposed order at issue, appellants' motion objected to several paragraphs that do not appear in the February 12, 2021 Memorandum of Associate Judge's Order.

After reviewing the clerk's record, we concluded that the February 12, 2021 "Memorandum of Associate Judge's Order" was not a final order. *See In re R.R.K.*, 590 S.W.3d at 544 (concluding memorandum order was not final because record indicated neither trial court nor parties intended it to be final). Because "an appeal may be prosecuted only from a final judgment" and the record appeared to indicate no final order had been entered in the underlying case, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. *See Aldridge*, 400 S.W.2d at 895.

On April 26, 2021, appellants filed a response to our order confirming that no final order has been entered. Because the record does not contain a final order of termination, we have no

choice but to dismiss this appeal.[1] Accordingly, this appeal is dismissed for lack of jurisdiction.

*See* TEX. R. APP. P. 42.3(a).

PER CURIAM

---

[1] While appellants' response unequivocally states that no final order has been entered below, they ask this court to dismiss the underlying cause and order R.R. returned to their custody, citing the language formerly contained in Texas Family Code section 263.401, which required dismissal if the trial court did not render a final order or grant an extension within one year. We lack jurisdiction to grant such relief in the absence of a final order. *See Aldridge*, 400 S.W.2d at 895; *In re L.J.R.*, No. 04-18-00382-CV, 2018 WL 3369937, at *1 (Tex. App.—San Antonio July 11, 2018, no pet.) (mem. op.). However, this dismissal does not prevent appellants from later pursuing a timely appeal from a final judgment in this case.