

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00448-CV

Patrick **MINOR**,
Appellant

v.

William **SIMMONS**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2018CI24173
Honorable Cynthia Marie Chapa, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: September 14, 2022

DISMISSED FOR LACK OF JURISDICTION

On July 21, 2022, appellant Patrick Minor filed a pro se notice of appeal seeking to appeal the trial court's dismissal of his suit. When the notice of appeal was filed, the trial court clerk contacted this court to inform us no final judgment existed. On July 25, 2022, we received the clerk's record, and it did not contain a final order or judgment dismissing the case. Instead, it contained two sets of judge's notes dated June 18, 2019 and March 2, 2020. In general, "an appeal may be prosecuted only from a signed final judgment," and for a judgment to be final, it must dispose of all the issues and parties in the case. *N.E. Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d

893, 895 (Tex. 1966). In addition, "judge's notes contained in the clerk's record do not constitute a final order." *In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.).

Because the clerk's record did not contain a signed final judgment, it appeared we did not have jurisdiction over this appeal. We therefore ordered appellant to file a response by September 1, 2022 showing cause why this appeal should not be dismissed for lack of jurisdiction. We cautioned appellant if he failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). We further advised appellant if a supplemental clerk's record was required to establish this court's jurisdiction, he must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. On August 31, 2022, appellant filed a response indicating he contacted the trial court clerk, and the trial court clerk confirmed no final judgment existed. Accordingly, because no final judgment exists, we must dismiss this appeal for lack of jurisdiction. *See Betti v. Betti*, No. 05-10-01020-CV, 2010 WL 3788056, at *1 (Tex. App.—Dallas Sept. 30, 2010, no pet.) (mem. op.) (dismissing appeal for lack of jurisdiction because no final judgment existed).

PER CURIAM