

# Fourth Court of Appeals

## San Antonio, Texas

September 23, 2022

No. 04-22-00572-CV

**FRITZ MANAGEMENT, LLC**, Fries Restaurant Management, LLC, and Sun Holdings, Inc.,
Appellants

v.

**ALFORTISH CONTRACTORS, LLC**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020CI07323
Honorable Rosie Alvarado, Judge Presiding

# O R D E R

On September 2, 2022, appellants filed a notice of interlocutory appeal seeking to appeal the trial court's denial of their motion to compel arbitration. However, the clerk's record does not contain an order denying appellants' motion to compel arbitration. Instead, it contains unsigned, typewritten judge's notes stating: "Motion to Compel Arbitration DENIED on the grounds of waiver."

Rule 26.1 of the Texas Rules of Appellate Procedure "provides that a notice of interlocutory appeal 'must be filed within 20 days after the judgment or order is signed.'" *Archer v. Tunnell*, No. 05-15-00459-CV, 2016 WL 519632, at *3 (Tex. App.—Dallas Feb. 9, 2016, no pet.) (mem. op.) (quoting TEX. R. APP. P. 26.1(b)). "Therefore, an interlocutory appeal may be perfected only from a [signed,] written order . . . ." *Archer*, 2016 WL 519632, at *3; *see also Cordova v. Harkins*, No. 01-05-00495-CV, 2006 WL 1428857, at *1 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (mem. op.) ("A signed, written judgment or order is, therefore, an absolute prerequisite to this Court's exercise of appellate jurisdiction."). "The court of appeals lacks jurisdiction over an interlocutory appeal authorized by statute when the trial court has not signed a written order." *Archer*, 2016 WL 519632, at *3.

A judge's notes is "not the kind of document that constitutes a judgment, decision[,] or order from which an appeal may be taken." *Lares v. Muñiz*, No. 04-20-00047-CV, 2020 WL 2441423, at *1 (Tex. App.—San Antonio May 13, 2020, no pet.) (mem. op.) (internal quotation marks and alterations omitted). "[J]udge's notes are for his or her own convenience and form no part of the record." *In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.).

Accordingly, "judge's notes contained in the clerk's record do not constitute a final order." *In re L.H.*, No. 04-13-00174-CV, 2013 WL 3804585, at *1 (Tex. App.—San Antonio July 17, 2013, no pet.) (mem. op.).

Because the clerk's record does not contain a signed appealable order, it appears we do not have jurisdiction over this appeal. We therefore ORDER appellant to file a response on or before **October 10, 2022** showing cause why this appeal should not be dismissed for lack of jurisdiction. If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

_Irene Rios_
Irene Rios, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of September, 2022.

_Michael A. Cruz_
MICHAEL A. CRUZ, Clerk of Court