

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-23-00514-CV

**IN THE INTEREST OF J.M.J.**, a Child

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-PA-01184
Honorable Charles E. Montemayor, Judge Presiding

PER CURIAM

Sitting:     Luz Elena D. Chapa, Justice
             Irene Rios, Justice
             Beth Watkins, Justice

Delivered and Filed: July 19, 2023

DISMISSED FOR LACK OF JURISDICTION

This is an accelerated appeal arising out of a parental termination suit filed by the Texas Department of Family and Protective Services. On May 10, 2023, appellant filed a pro se notice of appeal stating her intent to appeal a "judgment rendered on May 9, 2023." On May 19, 2023, the clerk's record was filed, and it did not include a final order terminating appellant's parental rights; instead, it contained judge's notes dated May 9, 2023, which indicated the trial court would issue an order designating the subject child's maternal grandparents as joint managing conservators and appellant as possessory conservator.

The Texas Family Code authorizes a party to appeal a final order terminating a parent's rights to a child in accordance with "the procedures for accelerated appeals in civil cases under the Texas Rules of Appellate Procedure." TEX. FAM. CODE § 263.405(a); *accord In re D.M.B.*, 467

S.W.3d 100, 102 (Tex. App.—San Antonio 2015, pet. denied). Generally, "an appeal may be taken only from a final judgment. A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree." *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In contrast to a signed, final judgment, a judge's handwritten notes are for his or her own convenience and form no part of the record. *In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.).

Because the judge's notes contained in the clerk's record did not constitute a final, appealable order, we ordered appellant to show cause in writing by June 14, 2023 why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a); *In re A.K.P.*, No. 04-20-00305-CV, 2020 WL 5027398, at *1 (Tex. App.—San Antonio Aug. 26, 2020, pet denied) (dismissing parental termination appeal from judge's notes for lack of jurisdiction). We cautioned appellant if she failed to satisfactorily respond within the time provided, the appeal would be dismissed. *See* TEX. R. APP. P. 42.3(c). No response has been filed by appellant. We therefore dismiss this appeal for lack of jurisdiction. *See id*. R. 42.3(a), (c).

PER CURIAM