

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00537-CV

Ray Adam **BASALDUA**,
Appellant

v.

**SAN ANTONIO WATER SYSTEM**, Erika Nirenberg, and Ron Nirenberg,
Appellees

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-13322
Honorable Norma Gonzales, Judge Presiding

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Liza A. Rodriguez, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: August 23, 2023

DISMISSED FOR LACK OF JURISDICTION

Appellant filed a notice of appeal on May 22, 2023. The clerk's record shows that in the underlying suit, appellant brought multiple claims against the San Antonio Water System ("SAWS"), Erika Prosper Nirenberg, and Ronald Adrian Nirenberg. In response, SAWS filed a plea to the jurisdiction. Although the trial court held a hearing on the matter, the clerk's record

does not contain an order ruling on the jurisdictional plea.[1] Nor does it contain a signed order otherwise disposing of appellant's claims against SAWS.

Thereafter, the Nirenbergs filed a motion for no-evidence summary judgment, which the trial court granted. The clerk's record contains an order granting the no-evidence summary judgment motion and disposing of appellant's claims against the Nirenbergs.

"Texas appellate courts have jurisdiction only over final orders or judgments unless a statute permits an interlocutory appeal." *Ogletree v. Matthews*, 262 S.W.3d 316, 319 n.1 (Tex. 2007). When, as here, there has not been a conventional trial on the merits, courts will deem a judgment to be final if: (1) it actually disposes of every pending claim and party, or (2) it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so. *Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d at 192-93 (Tex. 2001). The order granting no-evidence summary judgment in favor of the Nirenbergs does not satisfy either of these requirements. *See Patel*, 661 S.W.3d at 155 (Tex. 2023) (stating that the inclusion of the clause "all relief not granted is denied" is not enough, standing alone, to satisfy the clear-and-unequivocal standard).

On July 18, 2023, we issued an order explaining that the clerk's record in this appeal failed to contain a final judgment or an appealable interlocutory order. We further explained that an interlocutory appeal was not permitted under the circumstances presented in this case. We ordered appellant to show cause in writing no later than August 1, 2023, why this appeal should not be

---

[1]The clerk's record contains docket notes filed on September 28, 2022, which state "Judge[']s Notes Plea to the Jurisdiction – granted." These docket notes, which are unsigned, do not qualify as an order. *See In re A.W.*, 384 S.W.3d 872, 873 (Tex. App.—San Antonio 2012, no pet.) ("[A] judge's notes are for his or her own convenience and form no part of the record."); *see also In re S.L.M.*, No. 04-16-00456-CV, 2016 WL 4537664, at *1 (Tex. App.—San Antonio Aug. 31, 2016, no pet.) ("[A] judge's notes do not constitute an appealable order."). The trial court clerk has informed this court that no order on the plea to the jurisdiction was filed.

dismissed for lack of jurisdiction. Appellant did not respond to our order. Accordingly, this appeal is dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a),(c).

PER CURIAM