# Court of Appeals
## Tenth Appellate District of Texas

10-25-00077-CV

In the Interest of I.S., a Child

On appeal from the
272nd District Court of Brazos County, Texas
Judge John L. Brick, presiding
Trial Court Cause No. 24-000347-CV-272

CHIEF JUSTICE JOHNSON delivered the opinion of the Court.

## MEMORANDUM OPINION

The parental rights of I.S.'s mother (Mother) were terminated; she has appealed.[1] In her sole issue, Mother contends that the trial court violated Family Code section 201.015 as well as her due process rights by signing the order terminating her parental rights before completing a *de novo* hearing. We will reverse the trial court's judgment and remand Mother's case for a *de novo* hearing.

---

[1] The parental rights of I.S.'s father were also terminated, but he has not appealed.

## Background

On February 3, 2025, following a bench trial before an associate judge, the associate judge issued a letter stating that the court found by clear and convincing evidence that Mother had violated Family Code subsections 161.001(b)(1)(D) and (E) and that termination was in I.S.'s best interest. *See generally* TEX. FAM. CODE ANN. § 161.001(b). The associate judge's letter ruling further stated that Mother's parental rights as to I.S. were terminated.

Thereafter, on February 6, 2025, Mother filed a request for a *de novo* hearing. The associate judge then signed a formal order of termination on February 14, 2025.

On February 18, 2025, the referring court conducted "the start of the *de novo* hearing." At that time, the referring court announced that it had requested a copy of the official reporter's record from the trial before the associate judge. The referring court further explained that, once the record was received, the *de novo* hearing would be set to be completed.

On March 7, 2025, however, before the *de novo* hearing was completed, the referring court signed an order adopting the associate judge's order of termination. The referring court's order provides: "The above and foregoing orders have been presented to this Court, and no demand for hearing having been made in the time and manner permitted by law, it is ORDERED that said orders be and are hereby adopted as orders of this Court."

That same day, Mother filed a notice of accelerated appeal; however, Mother pointed out in her notice of appeal: "A De Novo [hearing] was timely requested. At the time of this filing, the matter is currently pending a final hearing before the referring district court."

Subsequently, on April 10, 2025, the referring court completed the *de novo* hearing, and on April 15, 2025, the referring court signed a second order adopting the associate judge's order of termination. The referring court also signed an order on April 21, 2025, which states: "[T]his Court declines to change the Associate Judge's ruling and affirms the Order of Termination previously entered by the Associate Judge in this cause."

## Discussion

A party who timely requests a *de novo* hearing before the referring court is entitled to a *de novo* hearing before the referring court. *In re N.W.*, No. 07-17-00409-CV, 2018 WL 1440896, at *2 (Tex. App.—Amarillo Mar. 22, 2018, no pet.) (mem. op.); *see* TEX. FAM. CODE ANN. § 201.015; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 484 (Tex. 1995) (per curiam) (citing predecessor statute of Family Code section 201.015). Furthermore, the referring court's failure to hold a *de novo* hearing after a timely request is filed is presumed harmful. *N.W.*, 2018 WL 1440896, at *2 (citing *Phagan v. Aleman*, 29 S.W.3d 632, 635 (Tex. App.—Houston [1st Dist.] 2000, no pet.)).

Here, the parties agree that Mother filed a timely request for a *de novo* hearing on February 6, 2025. *See* TEX. FAM. CODE ANN. §§ 201.015, 201.2042. The parties further agree that the referring court should not have signed an order adopting the associate judge's order of termination on March 7, 2025, before the *de novo* hearing was completed. *See N.W.*, 2018 WL 1440896, at *2; *see also Latty*, 907 S.W.2d at 484. The parties disagree, however, about whether such error was harmful.

Mother argues that she was harmed by such error whereas the Texas Department of Family and Protective Services (the Department) argues that the referring court cured the error. The Department points to the referring court's completion of the *de novo* hearing on April 10, 2025, followed by the referring court's signing of a second order adopting the associate judge's order of termination. But, in this case, the Department's argument fails because, as explained below, the referring court had lost jurisdiction by April 10, 2025, when the referring court completed the *de novo* hearing, and by April 15, 2025, and April 21, 2025, when the referring court signed its additional orders. *Cf. In re Lausch*, 177 S.W.3d 144, 154–55 (Tex. App.—Houston [1st Dist.] 2005, orig. proceeding) ("The trial court's reincarnation and adoption of the order under the proper circumstances . . . cured the error.").

An order that purports to dispose of all issues and all parties is a final, appealable judgment. *Latty*, 907 S.W.2d at 485; *In re E.K.C.*, 486 S.W.3d 614,

616 (Tex. App.—San Antonio 2016, no pet.). Accordingly, the referring court's March 7, 2025 order adopting the associate judge's order of termination was a final, appealable judgment. *See Latty*, 907 S.W.2d at 485; *E.K.C.*, 486 S.W.3d at 616.

The Department points out in its brief that the record is silent as to why the referring court signed the order adopting the associate judge's order of termination on March 7, 2025. The Department observes that the March 7, 2025 order may have been signed inadvertently or may have been the product of improper procedure. Either way, however, the order is a final, appealable judgment that is merely voidable, not void. *See Latty*, 907 S.W.2d at 485 ("A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. Mere failure to follow proper procedure will not render a judgment void." (citations omitted)).

After signing a final judgment, a trial court retains plenary power for only the next thirty days unless the judgment is modified, corrected, or reformed during that thirty-day period, or a party timely files a motion that extends the trial court's plenary power. *See* TEX. R. CIV. P. 329b; *In re J.L.*, 163 S.W.3d 79, 82 (Tex. 2005) ("The Family Code . . . does not purport to eliminate post-trial motions or otherwise constrict the trial court's plenary power."). Here, neither of these plenary-power-extending events occurred.

Therefore, the referring court's plenary power expired before April 10, 2025, when the referring court completed the *de novo* hearing, and before April 15, 2025, and April 21, 2025, when the referring court signed its additional orders. *See* TEX. R. CIV. P. 329b; *J.L.*, 163 S.W.3d at 82. Accordingly, the referring court lacked jurisdiction to complete the *de novo* hearing on April 10, 2025, and to sign its additional orders on April 15, 2025, and April 21, 2025. *See Martin v. Tex. Dep't of Fam. & Protective Servs.*, 176 S.W.3d 390, 392 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *Latty*, 907 S.W.2d at 486. Accordingly, the referring court's actions of completing the *de novo* hearing on April 10, 2025, followed by signing a second order adopting the associate judge's order of termination, were a nullity and could not cure the referring court's error of signing the order adopting the associate judge's order of termination on March 7, 2025, before the *de novo* hearing was completed. *See id.*

In light of the foregoing, we conclude that the trial court reversibly erred by signing the order adopting the associate judge's order of termination on March 7, 2025, before completing the *de novo* hearing. We sustain Mother's sole issue.

## Conclusion

We reverse the trial court's judgment and remand Mother's case for a *de novo* hearing.

_____

MATT JOHNSON
Chief Justice

OPINION DELIVERED and FILED:  March 26, 2026

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Reversed and remanded
CV06

