STATE of Texas ex rel. Lorraine
O. LATTY, Petitioners,

v.

Kris OWENS, Respondent.

No. 95–0321.

Supreme Court of Texas.

June 8, 1995.

Dan Morales, Rhonda Amkraut Pressley, Austin, for petitioners.

David C. Turner, Bonham, for respondent.

PER CURIAM.

A party who timely appeals from the report of a family court master is entitled to a hearing *de novo* before the referring court. TEX.GOV'T CODE § 54.012.  In this case, we

decide whether a district court's order adopting a master's report, that is signed after notice of appeal but before the required hearing, is a final appealable order. The court of appeals held that it was not. 893 S.W.2d 728. We disagree.

The State of Texas sued Kris Owens on behalf of Lorraine Latty at the request of the State of Louisiana under the Revised Uniform Reciprocal Enforcement of Support Act (RURESA), Tex.Fam.Code §§ 21.01–.43,[1] alleging that Owens was the father of Latty's minor child and therefore liable for support. The district court referred the case to a family court master, as permitted by section 54.005(a) of the Government Code. Based on court-ordered paternity tests, the master recommended that judgment be rendered against Owens ordering him to pay $135 per month in child support.

Owens timely appealed the court master's recommendations to the district court, triggering his right to a de novo hearing by that court. Tex.Gov't Code § 54.012. Before conducting this hearing, however, the district court signed an order adopting the master's report "as the orders of this Court." Eleven days later the district court held a hearing on Owens' appeal. After Owens objected to the introduction into evidence of the paternity test results because Latty had not named the expert who conducted the tests in response to Owens' interrogatories, the hearing was continued to allow Latty to supplement discovery.

When the hearing reconvened about a month later, Latty's discovery responses were still deficient and the district court, on Owens' objection, excluded the paternity test results as well as Latty's pleadings, exhibits and affidavits. Some 135 days after signing the order adopting the master's report, the district court issued another order concluding that Owens was not the father. The State appealed this second order.

The court of appeals reversed and remanded, concluding that the discovery sanctions imposed by the district court were an abuse

of discretion under this Court's holdings in *TransAmerican Natural Gas Corp. v. Powell*, 811 S.W.2d 913 (Tex.1991); *Braden v. Downey*, 811 S.W.2d 922 (Tex.1991); and *Chrysler Corp. v. Blackmon*, 841 S.W.2d 844 (Tex.1992). 893 S.W.2d at 732–33. We need not address the propriety of this holding because we conclude that the court of appeals lacked jurisdiction to consider the merits of this appeal.

■ Although the district court should have held a hearing on Owens' appeal before signing an order adopting the master's report, its failure to do so did not deprive it of jurisdiction to issue the order or make the order void. A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court. *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (per curiam) (citing *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987); *Browning v. Placke*, 698 S.W.2d 362 (Tex. 1985) (per curiam)); *see also State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994); *Austin Indep. Sch. Dist. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex.1973). Mere failure to follow proper procedure will not render a judgment void. *See Ex parte Coffee*, 160 Tex. 224, 328 S.W.2d 283, 291 (1959).

■ An order which purports to dispose of all issues and all parties, like the district court's first order, is a final appealable order. *See, e.g., Hinde v. Hinde*, 701 S.W.2d 637, 639 (Tex.1985) (per curiam); *Schlipf v. Exxon Corp.*, 644 S.W.2d 453, 454 (Tex.1982) (per curiam) (citing *North East Indep. Sch. Dist. v. Aldridge*, 400 S.W.2d 893 (Tex.1966)). Errors other than lack of jurisdiction must be attacked within the prescribed time limits. *Cook*, 733 S.W.2d at 140 (citing *Browning*, 698 S.W.2d at 363). When Owens did not timely appeal from the first order, it became final. The court of appeals erroneously determined that the district court's failure to hold a hearing deprived it of authority to

---

1. Act of July 19, 1987, 70th Leg., 2d C.S., ch. 49, § 1, 1987 Tex.Gen.Laws 145, *amended by* Act of May 26, 1993, 73rd Leg., R.S., ch. 970, § 1, 1993 Tex.Gen.Laws 4212 (current version at Tex.Fam. Code Ann. §§ 21.01–.52). The amended statute, now entitled the Uniform Interstate Family Support Act, was effective September 1, 1993.

adopt the master's report, so that the first order was without effect and the district court maintained jurisdiction.

Even though Owens timely requested a *de novo* hearing to contest the court master's recommendations and fully expected such a hearing to be set, he should have petitioned the district court to vacate the first order (which would have had the effect of a motion for new trial), timely appealed, or filed a bill of review. He did none of these. The court of appeals should have dismissed the State's appeal for lack of jurisdiction because the order appealed from was signed long after the district court's plenary jurisdiction had expired. Tex.R.Civ.P. 329b(d). Judicial action taken after the court's jurisdiction over a cause has expired is a nullity. *See Times Herald Printing Co. v. Jones,* 730 S.W.2d 648, 649 (Tex.1987) (per curiam); *First Alief Bank v. White,* 682 S.W.2d 251, 252 (Tex.1984) (per curiam); *Ex parte Olivares,* 662 S.W.2d 594, 595 (Tex.1983).

While it is wholly unnecessary to appeal from a void judgment, it is nevertheless settled that an appeal may be taken and the appellate court in such a proceeding may declare the judgment void. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823, 827 (1961). We declare the order appealed from void because it was signed after the district court's plenary jurisdiction expired. This leaves intact as the final order in this case the prior order establishing Owens' paternity and setting child support. Owens' only means of challenging that order at this time is by bill of review. *See* Tex.R.Civ.P. 329b(f); *see also State v. 1985 Chevrolet Pickup Truck,* 778 S.W.2d 463, 464–65 (Tex.1989) (per curiam); *Transworld Fin. Servs. Corp. v. Briscoe,* 722 S.W.2d 407, 407–08 (Tex. 1987); *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex.1985) (per curiam). We find no document in this record that can be construed as a bill of review filed by Owens.

Accordingly, a majority of the Court grants the State's application for writ of error and, without hearing oral argument, reverses the judgment of the court of appeals and dismisses the appeal from the judgment of the district court. Tex.R.App.P. 170.