Dismissed and Majority and Dissenting Opinions filed October 7, 2004









Dismissed and Majority and Dissenting Opinions filed
October 7, 2004.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-01090-CV

____________

 

IN THE INTEREST OF K.M.B. AND
D.R.B.

 

 



 

On Appeal from the County
Court at Law

Waller County, Texas

Trial Court Cause No. 99-12-15216

 



 

D I S S E N T I N G   O P I N I O N

Today the majority concludes that neither
the trial court’s May 28, 2003 order nor its August 12, 2003 order is a final
judgment and consequently dismisses the appeal. 
I disagree.  I would find that (1)
the May 28 order is a final judgment and (2) the August 12 order is void.  Having so found, I would reverse the judgment
of the trial court and dismiss the appeal because appellant did not appeal from
the May 28 order.  Therefore, I
respectfully dissent.

The majority concludes that the May 28 order is not a final
judgment because it failed to dispose of the State’s claim for attorney’s
fees.  I do not agree.  The issue of whether a judicial decree is a
final appealable judgment must be determined from its language and the record
in the case. Lehmann v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex.
2001).  The language of the May 28 order
and the record in the present case both clearly reflect the fact that the trial
court denied the State’s request for attorney’s fees.








First, the language in the trial court’s May 28 order
reflects that it is a final judgment. 
After finding Stephanie Braziel in contempt for failure to pay
court-ordered child support, the trial court suspended her commitment to the
county jail and imposed several listed terms and conditions.  The trial court struck the pre-printed form
requirement that she “pay attorney’s fees as ordered herein.”  In other words, the punishment imposed upon
Stephanie Braziel for contempt does not include the payment of attorney’s
fees.  Thus, although the State’s motion
for enforcement and modification of child support order sought “reasonable
attorney’s fees and all other costs of this proceeding,” the trial court
declined to impose such a term or condition as punishment in its enforcement of
the child support order.  Accordingly, I
am unpersuaded by the majority’s conclusion that the trial court failed to
dispose of the State’s claim for attorney’s fees in the May 28 order.[1]

Second, the record in the present case
confirms that the May 28 order constitutes a final judgment.  If, as the majority concludes, the May 28
order does not dispose of the State’s request for attorney’s fees, there is great
difficulty in reconciling that conclusion with the trial court’s August 12
order.  In the August 12 order, the trial
court did not strike the requirement that Stephanie Braziel “pay
attorney’s fees as ordered herein,” but expressly “reserved ruling on the issue
of attorney’s fees requested by obligee Aaron Braziel and his attorney Deni
Goebel.”  We should not give the same
effect to the trial court’s different actions on May 28 and August 12
concerning the payment of attorney’s fees.[2]  The only way to reconcile the trial court’s
actions in the two orders is to hold, as I would, that the May 28 striking of
the attorney’s fees requirement constitutes a denial of the claim, while the
August 12 failure to strike the very same requirement constitutes either an
award of such fees or, as in the present case, a reservation of the ruling
until a later date.








Under Rule 329b(d) of the Texas Rules of Civil Procedure, the
trial court has plenary power to grant a new trial or to vacate, modify,
correct, or reform the judgment until thirty days after all such timely-filed
motions are overruled.  In the present
case, the trial court approved and adopted the master’s report in its May 28
order.  None of the aforementioned
motions appears in the record; all that appears is a document entitled “Notice
of Hearing,” which apparently pertains to an appeal.  Therefore, the trial court’s plenary power
expired thirty days after the May 28 order was signed unless a Rule 329b(f)
procedure (bill of review, nunc pro tunc, etc.) was invoked.  In the present case, the record reflects that
no such procedure was invoked. 
Therefore, the trial court’s plenary power over this case expired in
late June 2003.

Judicial action taken after the court’s jurisdiction over a
cause has expired is a nullity. State ex rel. Latty v. Owens, 907 S.W.2d
484, 486 (Tex. 1995).  The trial court in
the present case thus did not have plenary power over the cause when it issued
its August 12 order.  The August 12 order
is therefore void.

Thus, the only valid order to be considered for purposes of
this appeal is the May 28 order, which approved and adopted the master’s May
22, 2003 order.  But appellant did not
file a notice of appeal as to the May 28 order. 
Consequently, this court is without jurisdiction to consider any appeal
of this order, though appellant does not raise any arguments in connection with
the May 28 order anyway.  See Tex. R. App. P. 25.1(b).

Therefore, I would hold that (1) the trial
court’s May 28 order constitutes a final judgment and (2) the trial court’s
August 12 order is void.  While the May
28 order is thus an appealable judgment, appellant did not appeal from that
order.  Accordingly, this court should
reverse the judgment of the trial court and dismiss the appeal, leaving intact
the trial court’s May 28 order.

 

/s/      Adele Hedges

Chief Justice

Judgment
rendered and Majority and Dissenting Opinion filed October 7, 2004.

Panel
consists of Chief Justice Hedges and Justices Frost and Guzman.











[1]  I disagree
with the majority’s statement that the trial court’s striking of the attorney’s
fees requirement “indicates that payment of attorney’s fees was not a condition
of community supervision, not that no attorney’s fees were awarded.”  If the trial court enforces Stephanie
Braziel’s child support obligations in this order by punishing her for failure
to make timely payments, and the trial court refuses to impose the payment of
attorney’s fees as a term or condition of that punishment for such failure, how
can one say the order does not mean that “no attorney’s fees were
awarded”?





[2]  Essentially,
the majority opinion by implication does just that; it finds that both the
trial court’s May 28 and August 12 orders failed to dispose of the attorney’s
fees issue.