NUMBER 13-05-772-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


IN THE INTEREST OF E.B.Y., E.A.Y., AND D.F.Y, CHILDREN


 


On appeal from the 139th District Court 


of Hidalgo County, Texas.


 


MEMORANDUM OPINION



Before Justices Yañez, Rodriguez, and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, the Office of the Attorney General of Texas, appeals the trial court's 
agreed final judgment in a bill of review action. By five issues, the Attorney General
complains that the trial court signed the judgment outside its plenary jurisdiction, did
not have jurisdiction, and if it did, it misapplied the law. The Attorney General also
brings sufficiency of the evidence issues. We vacate as void the trial court's judgment
and dismiss this appeal for want of jurisdiction.

I. Background (1)


 In April 2004, appellee (2) filed a petition for a bill of review to set aside a child
support order-an order granting a motion for enforcement and clarification that had
been filed by the Attorney General. On March 7, 2005, the trial court signed an order
denying this petition for a bill of review. Before the order was signed, appellee had
filed a motion to reconsider and reinstate the bill of review, which the trial court heard
on March 10, 2005.

 At the hearing on March 10th, appellee and his ex-wife (3) announced to the trial
court that they had reached a settlement and proposed an agreed final judgment in
which appellee would pay his ex-wife $5,000.00 in full settlement of the previous
$93,047.52 arrearage judgment. The Attorney General objected to this settlement
and did not consent to the proposed agreed judgment.

 The trial court announced that it would enter a judgment later. It took no
further action until September 14, 2005, when it signed an agreed final judgment
reciting that appellee's ex-wife had accepted $5,000.00 in full and final settlement of
the $93,047.52 judgment. The Attorney General, who had been the petitioner in the
suit leading to the arrearage judgment, is not mentioned in the judgment and did not
sign it indicating agreement. The judgment also incorporated by reference an affidavit
from appellee's ex-wife stating that she had received $5,000.00 from appellee
reflecting the settlement amount.

 The Attorney General timely filed a request for findings of fact and conclusions
of law and also a motion for new trial, which the trial court heard on December 7-8,
2005 and denied. The Attorney General then filed a notice of appeal.

II. Plenary Power


 By the first issue, the Attorney General contends that the agreed final judgment,
which the trial court signed in the bill of review action more than six months after it
had signed an order denying the bill of review, was signed outside the trial court's
plenary jurisdiction. We agree.

 The trial court signed the order denying the bill of review on March 7, 2005. 
Appellee filed a motion to reconsider which extended the court's plenary power, but
there is no order granting a new trial or vacating the order denying the bill of review. 
Thus, appellee's motion for reconsideration was overruled by operation of law after the
expiration of a 75-day period after the judgment was signed, which means that it was
overruled by operation of law on May 24, 2005. See Tex. R. Civ. P. 329(c).

 The trial court then had 30 days of plenary power in which it could vacate the
order denying the bill of review or substitute another judgment. See id. at rule
329b(e). Its plenary power consequently expired on June 24, 2005. After that, the
trial court had no jurisdiction to sign another final judgment in the bill of review action,
and any "[j]udicial action taken after the court's jurisdiction over a cause has expired
is a nullity." State ex rel. Latty v. Owens, 907 S.W.2d 484, 486 (Tex. 1995) (per
curiam). Therefore, when the trial court signed the agreed final judgment in the bill of
review action on September 14, 2005, it did so outside its plenary jurisdiction. The
order is a nullity. We sustain the Attorney General's first issue.

 Because of our disposition of this issue, we need not address the remaining
issues. See Tex. R. App. P. 47.1.

III. Conclusion


 Accordingly, we vacate as void the trial court's September 14, 2005 judgment
and dismiss the appeal for want of jurisdiction.

 

 

 NELDA V. RODRIGUEZ

 Justice


Memorandum Opinion delivered and 

filed this 5th day of July, 2007.
1. The statement of facts set out in appellant's brief, if supported by record references, will be
accepted as true unless another party contradicts them. Tex. R. App. P. 38.1(f). Because appellee filed
no brief, we will take as true the Attorney General's fact statement that is supported by record
references.
2. Although appellee is not identified as such, it is clear from the record that he is the father of
the children that are the subjects of this case.
3. Appellee's ex-wife is the mother and the custodial parent of the children, E.B.Y., E.A.Y. and
D.F.Y. Appellee's ex-wife was an interested person in the trial court, proceeding pro se, and was a
party to the judgment, but she is not a party to this appeal.