COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-07-450-CV

 

 

BETTY JEAN REAMES                                                          APPELLANT

 

                                                   V.

 

DOUGLAS MACK REAMES                                                       APPELLEE

 

                                              ------------

 

            FROM THE 393RD
DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellant Betty Jean Reames is
attempting to appeal from the trial court=s
December 3, 2007 order denying her AMotion
to Enter Orders on Motion for New Trial.@  The trial court signed the final judgment in
this case on January 30, 2007.  Appellant
timely filed a motion for new trial on February 28, 2007, and it was overruled
by operation of law seventy-five days after the judgment was signed.[2]  See Tex.
R. Civ. P. 329b(c).  The trial
court=s
plenary power expired on May 15, 2007, thirty days after the motion was
overruled.  See Tex. R. Civ. P. 329b(e).  Therefore, the trial court did not have the
power to enter the December 3, 2007 order, and it was a nullity.  See State ex rel. Latty v. Owens, 907
S.W.2d 484, 486 (Tex. 1995) (stating that judicial action taken after a court=s
jurisdiction over cause has expired is a nullity).   

Because appellant=s motion
for new trial was overruled by operation of law, she had ninety days from the
day the judgment was signed, or until April 30, 2007, to file a notice
of appeal.  See Tex. R. App. P. 26.1(a)(1).  She did not file this notice of appeal,
however, until December 5, 2007.  

On January 18, 2008, the court notified appellant
that it was concerned that it lacked jurisdiction over the appeal and stated
that unless appellant or any party desiring to continue the appeal filed with
the court a response showing grounds for continuing the appeal, the appeal
would be dismissed for want of jurisdiction. 
We have received no response.








The times for filing a notice of appeal are
jurisdictional in this court, and absent a timely filed notice of appeal or
extension request, we must dismiss the appeal. 
See Tex. R. App. P.
25.1(b), 26.3; Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997)
(holding that once extension period has passed, a party can no longer invoke an
appellate court=s jurisdiction).  Accordingly, we dismiss the appeal for want
of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).

 

 

PER
CURIAM

 

PANEL D:   MCCOY,
J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED: March 6, 2008

 











[1]See Tex.
R. App. P.
47.4.





[2]The April 9, 2007 oral
ruling granting the motion for new trial was of no effect because it was not
reduced to a written order.  See Tex. R. Civ. P. 329b(c).