COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-07-450-CV

BETTY JEAN REAMES APPELLANT

V.

DOUGLAS MACK REAMES APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Betty Jean Reames is attempting to appeal from the trial court’s December 3, 2007 order denying her “Motion to Enter Orders on Motion for New Trial.”  The trial court signed the final judgment in this case on January 30, 2007.  Appellant timely filed a motion for new trial on February 28, 2007, and it was overruled by operation of law seventy-five days after the judgment was signed.
(footnote: 2)  
See
 
Tex. R. Civ. P.
 329b(c).  The trial court’s plenary power expired on May 15, 2007, thirty days after the motion was overruled.  
See
 
Tex. R. Civ. P.
 329b(e).  Therefore, the trial court did not have the power to enter the December 3, 2007 order, and it was a nullity.  
See State ex rel. Latty v. Owens
, 907 S.W.2d 484, 486 (Tex. 1995) (stating that judicial action taken after a court’s jurisdiction over cause has expired is a nullity).   

Because appellant’s motion for new trial was overruled by operation of law, she had ninety days from the day the judgment was signed, or until April 30, 2007
,
 to file a notice of appeal.  
See
 
Tex. R. App. P.
 26.1(a)(1).  She did not file this notice of appeal, however, until December 5, 2007.  

On January 18, 2008, the court notified appellant that it was concerned that it lacked jurisdiction over the appeal and stated that unless appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction.  We have received no response.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the appeal.  
See 
Tex. R. App. P
. 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court’s jurisdiction).  Accordingly, we dismiss the appeal for want of jurisdiction.  
See 
Tex. R. App. P
. 42.3(a), 43.2(f).

PER CURIAM

PANEL D: MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 6, 2008

FOOTNOTES
1:
See 
Tex. R. App. P.
 47.4.

2:
The April 9, 2007 oral ruling granting the motion for new trial was of no effect because it was not reduced to a written order.  
See
 
Tex. R. Civ. P.
 329b(c).