

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

**NO. 2-07-450-CV**

BETTY JEAN REAMES                                                                 APPELLANT

V.

DOUGLAS MACK REAMES                                                               APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Betty Jean Reames is attempting to appeal from the trial court's

December 3, 2007 order denying her "Motion to Enter Orders on Motion for

New Trial." The trial court signed the final judgment in this case on January

30, 2007. Appellant timely filed a motion for new trial on February 28, 2007,

and it was overruled by operation of law seventy-five days after the judgment

---

[1]*See* TEX. R. APP. P. 47.4.

was signed.[2] *See* TEX. R. CIV. P. 329b(c). The trial court's plenary power expired on May 15, 2007, thirty days after the motion was overruled. *See* TEX. R. CIV. P. 329b(e). Therefore, the trial court did not have the power to enter the December 3, 2007 order, and it was a nullity. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (stating that judicial action taken after a court's jurisdiction over cause has expired is a nullity).

Because appellant's motion for new trial was overruled by operation of law, she had ninety days from the day the judgment was signed, or until April 30, 2007, to file a notice of appeal. *See* TEX. R. APP. P. 26.1(a)(1). She did not file this notice of appeal, however, until December 5, 2007.

On January 18, 2008, the court notified appellant that it was concerned that it lacked jurisdiction over the appeal and stated that unless appellant or any party desiring to continue the appeal filed with the court a response showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction. We have received no response.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or extension request, we must dismiss the

---

[2]The April 9, 2007 oral ruling granting the motion for new trial was of no effect because it was not reduced to a written order. *See* TEX. R. CIV. P. 329b(c).

2

appeal.  *See* TEX. R. APP. P. 25.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (holding that once extension period has passed, a party can no longer invoke an appellate court's jurisdiction).  Accordingly, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL D:   MCCOY, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED: March 6, 2008