

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00211-CV

John E. **RODARTE** Sr.,
Appellant

v.

**BEXAR COUNTY**, Texas; Ralph Lopez, Sheriff; Bexar County Adult Detention Center,
Appellees

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-18884
Honorable Fred Shannon, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  March 13, 2013

DISMISSED FOR LACK OF JURISDICTION

John E. Rodarte, Sr. filed the underlying suit in 2005. In December 2007, the defendants filed a plea to the jurisdiction, which the Honorable Karen Pozza heard in January 2008. On January 10, 2008, the trial court signed an order granting the plea to the jurisdiction and ordering that "each and every of Plaintiff's claims and causes of action against Defendants are dismissed." The January 10, 2008 order disposed of all pending claims and parties. For reasons not apparent in the record, on February 13, 2008, the trial court signed an order withdrawing the January 10 order and denying the plea to the jurisdiction.

Proceedings in the case continued for several years and it was set for a December 5, 2011 trial. On that day, before the case was called for trial, the Honorable Fred Shannon signed an order dismissing the case with prejudice. The order recited Judge Shannon had reviewed the case file and concluded: (1) the January 10, 2008 order finally disposed of the case and subsequent proceedings were void; (2) the defendants' plea to the jurisdiction should have been and thereby was granted; and (3) the defendants' no evidence motion for summary judgment, previously denied by the court, should have been and thereby was granted. On December 13, 2012, Rodarte filed a motion to reinstate the case, and on April 9, 2012, Rodarte filed a notice of appeal.

A judgment that disposes of all parties and issues in a case is final and appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191 (Tex. 2001). The trial court retains plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment for thirty days after the judgment is signed. TEX. R. CIV. P. 329b(d). If a timely motion for new trial or motion to modify, correct, or reform the judgment is filed, the trial court's plenary power is extended until thirty days after all such timely-filed motions are overruled. TEX. R. CIV. P. 329b(e), (g). An order signed after the court loses plenary power is void. *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 72 (Tex. 2008); *In re J.P.L.*, 359 S.W.3d 695, 705 (Tex. App.—San Antonio 2011, pet. denied).

The January 10, 2008 order granting the defendants' plea to the jurisdiction was final and appealable. The trial court retained plenary power over that order until February 11, 2008, unless a timely motion extending plenary power was filed. Rodarte asserts in his brief that he filed a motion to reinstate dated January 21, 2008, extending the trial court's plenary power. However, the record does not contain a motion to reinstate, motion for new trial, or motion to modify, correct, or reform the judgment dated or filed on or before February 11, 2008. The docket sheet does not reflect any such motion was filed. The trial court therefore lost plenary power over the January 10, 2008 judgment, and all subsequent proceedings, including the February 13, 2008

order, were void. *See* T<small>EX</small>. R. C<small>IV</small>. P. 329b; *Brookshire*, 250 S.W.3d at 72; *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995); *J.P.L.*, 359 S.W.3d at 705. Because Rodarte did not timely appeal the January 10, 2008 final judgment, we lack jurisdiction over this appeal.[1]

We therefore dismiss this appeal for lack of jurisdiction.

Luz Elena D. Chapa, Justice

---

[1] We note that Rodarte's attempt to appeal the December 5, 2012 order was also untimely. Rodarte timely filed a motion to reinstate on December 12, 2012. A notice of appeal was therefore due March 5, 2012. *See* Tex. R. App. P. 26.1(a). However, Rodarte did not file a notice of appeal until April 9, 2012. Although the notice of appeal purports to be a restricted appeal, Rodarte was not entitled to file a restricted appeal because he timely filed a post-judgment motion. *See* Tex. R. App. P. 30.