**DISMISS and Opinion Filed June 10, 2013.**



# In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00492-CV

### GLENDA RHONE, Appellant
### V.
### ETHAN GEER, Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-11-07050-C**

## MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

By letter dated May 1, 2013, the Court questioned its jurisdiction over the appeal. Specifically, we questioned the timeliness of the notice of appeal from the only appealable order. We requested that appellant file, within ten days, a jurisdictional brief addressing our concern. As of today's date, appellant has not filed a jurisdictional brief.

In a regular appeal, the notice of appeal is due thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. If a party files a timely post-judgment motion that extends the appellate timetable, the notice of appeal is due ninety days after the judgment is signed. *See* TEX. R. APP. P. 26.1(a). A timely filed motion to reinstate will extend the appellate timetable. *See* TEX. R. APP. P. 26.1(a)(3). Without a timely filed notice of appeal, this Court lacks jurisdiction. *See* TEX. R. APP. P. 25.1(b).

Appellant is appealing the trial court's order granting the motion for summary judgment in favor of appellee. The trial court signed this order on March 19, 2013. However, the trial court signed an order of dismissal for want of prosecution on January 31, 2012. Appellant filed a timely motion to reinstate on February 24, 2012. The motion to reinstate filed by appellant was overruled by operation of law on April 15, 2012. *See* TEX. R. CIV. P. 165a(3). The trial court retained plenary power to reinstate the case until May 15, 2012, thirty days after the motion was overruled by operation of law. *See id.*

The trial court signed an order reinstating the case on May 25, 2012. This order, however, was signed after the trial court's plenary power expired. As such, the order was void and ineffective to reinstate the case. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995) (judicial action taken after court's jurisdiction over cause has expired is a nullity). Accordingly, the trial court's March 19, 2013 order from which appellant filed her notice of appeal was likewise void.

The final judgment in this case was the order of dismissal signed on January 31, 2012. The notice of appeal was due on April 30, 2012, ninety days after the dismissal order was signed. *See* TEX. R. APP. P. 26.1(a). Appellant filed her notice of appeal on April 10, 2013, almost one year past the deadline. Thus, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

/David Evans/

130492F.P05

DAVID EVANS
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

GLENDA RHONE, Appellant

No. 05-13-00492-CV        V.

ETHAN GEER, Appellee

On Appeal from the County Court at Law No. 3 of Dallas County, Texas.
Trial Court Cause No. CC-11-07050-C.
Opinion delivered by Justice Evans.
Justices Lang and Myers, participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellee, ETHAN GEER, recover his costs of this appeal from appellant, GLENDA RHONE.

Judgment entered this 10th day of June, 2013.

/David Evans/
DAVID EVANS
JUSTICE