**DISMISS and Opinion Filed April 18, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00071-CV**

**GREGGORY WOFFORD, Appellant**

**V.**

**PINNACLE, Appellee**

**On Appeal from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-10660**

## MEMORANDUM OPINION

Before Justices Myers, Carlyle, and Goldstein
Opinion by Justice Goldstein

This appeal challenges the trial court's October 20, 2021 final judgment. Because the judgment is void, we vacate the judgment and dismiss the appeal. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

The underlying suit was filed in 2018 by appellant against appellee and two other defendants. On July 20, 2021, the trial court granted a take-nothing summary judgment on appellant's claims against appellee and, by separate order nine days later, severed appellant's claims against appellee from the claims against the other two defendants.

The severance order recites in its entirety as follows:

> Having considered Defendant Pinnacle's Motion to Sever, the Court finds that the Motion to Sever should be and is hereby GRANTED.
>
> **IT IS, THEREFORE, ORDERED** that the case by Plaintiff against Defendant Pinnacle is hereby severed, and the Clerk is directed to issue a new cause number for the severed case styled as: *Gregory Wofford, Plaintiff, v. Pinnacle, Defendant.*
>
> **IT IS FURTHER ORDERED** that, once severed, the Court's *Order Granting Defendant Pinnacle's No-Evidence Motion for Summary Judgment* shall be a final, appealable order, which disposes of all claims and parties in the severed case.
>
> IT IS SO ORDERED.

No post-judgment motion was filed, and the trial court's plenary power over the judgment expired thirty days later, on August 30, 2021. *See* TEX. R. CIV. P. 4, 329b(d); *Malone v. Hampton*, 182 S.W.3d 465, 468 (Tex. App.—Dallas 2006, no pet.).

Although the trial court's plenary power had expired, the trial court signed the appealed October judgment. Because a judgment signed outside a trial court's plenary power is void, and our jurisdiction over an appeal from a void judgment is limited to vacating the judgment and dismissing the appeal, we questioned why the appeal should not be dismissed and directed appellant to file a letter brief addressing our concern. *See Latty*, 907 S.W.2d at 486; *Dallas Cty. Appraisal Dist. v. Funds Recovery, Inc.*, 887 S.W.2d 465, 468 (Tex. App.—Dallas 1994, writ denied).

In his letter brief, appellant argues that the July summary judgment is not final because it did not (1) address the other two defendants, (2) address a claim against appellee added after appellee filed its summary judgment motion, and (3) include language indicating it was final.[1]  Appellant is correct that, to be final for purposes of appeal, a judgment must dispose of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).  When, as here, a judgment is rendered without a conventional trial on the merits, it is final only if it actually disposes, or "clearly and unequivocally" states it disposes, of all claims and all parties. *See id.* at 205.

The July summary judgment did not actually dispose, or "clearly and unequivocally" state it disposed, of all claims and parties.  It disposed only of appellant's claims against appellee.  However, the order severing appellant's claims against appellee into a new cause separate from appellant's claims against the other two defendants made the summary judgment final because at that point, as the severance order itself recites, it disposed of all parties and claims in that cause. *See Diversified Fin. Sys., Inc. v. Hill, Heard, O'Neal, Gilstrap & Goetz, P.C.*, 63 S.W.3d at 795, 795 (Tex. 2001) (per curiam) ("As a rule, the severance of an interlocutory judgment into a separate cause makes it final.").  Accordingly, because the July summary judgment was made final by the severance and the trial court's plenary

---

[1] Although given an opportunity to respond, appellee did not file a response.

power expired August 30, the October final judgment is void. We vacate the October final judgment and dismiss the appeal. *Latty*, 907 S.W.2d at 486.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE


220071F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGGORY WOFFORD, Appellant

No. 05-22-00071-CV V.

PINNACLE, Appellee

On Appeal from the 193rd Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-21-10660. Opinion delivered by Justice Goldstein, Justices Myers and Carlyle participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellee Pinnacle recover its costs, if any, of this appeal from appellant Greggory Wofford.

Judgment entered April 18, 2022.