**VACATE order and DISMISS and Opinion Filed June 21, 2022**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

_____

### No. 05-21-01138-CV

_____

**LONERGAN LAW FIRM, PLLC, BAPA BROOKLYN 2004, LLC, AND JONATHAN BLOUNT, Appellants**

**V.**

**KRISTINA MABEY, Appellee**

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-20-01216**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

Appellants Lonergan Law Firm, PLLC, Bapa Brooklyn 2004, LLC, and Jonathan Blount appeal from the trial court's February 10, 2021 interlocutory summary judgment order which they assert became final when the trial court signed an order of nonsuit on November 18, 2021. Because it appeared a nonsuit order signed on April 21, 2021 rendered the interlocutory summary judgment final, we questioned our jurisdiction. At our request, the parties filed letter briefs addressing the jurisdictional issue.

Appellee Kristina Mabey sued appellants alleging numerous causes of action. She subsequently amended her petition to add Gaylene Rogers Lonergan[1] as a defendant. Appellee filed a motion for partial summary judgment against appellants only, not Ms. Lonergan, on some but not all of her claims. By order signed on February 10, 2021, the trial court granted the motion. Appellee then filed a notice of nonsuit as to her remaining claims against appellants, but not Ms. Lonergan. The trial court signed an order of nonsuit on April 21, 2021 stating "[t]his order resolves all pending claims." More than six months later, appellee filed a second notice of nonsuit. In her notice, appellee states:

> To the extent the April 21, 2021 Order Acknowledging Nonsuit Without Prejudice was not a final order resolving all claims, which is not conceded, and to the extent plenary power still exists with this Court, [appellee] hereby files this Second Notice of Nonsuit and hereby nonsuits any pending claims against any party that remain pending in this cause number without prejudice, and requests that this Court, if it determines it has plenary power to do so, enter an Order Acknowledging the Nonsuit, dismissing all pending claims that have not been resolved by the February 10, 2021 order granting partial summary judgment, without prejudice.

On November 18, 2021, the trial court signed a second nonsuit order dismissing all pending claims not resolved by the partial summary judgment. At the conclusion of the order, the trial court states: "[t]his Order resolves all pending claims and to the extent the Court still has plenary power in this action is the final appealable order in this matter." Appellants filed a notice of appeal on Monday, December 20.

---

[1] Ms. Lonergan is not a party to this appeal.

When a case terminates without a traditional trial on the merits because the plaintiff nonsuited its claims, no presumption arises regarding the finality of the judgment. *See Crites v. Collins,* 284 S.W.3d 839, 840 (Tex. 2009); *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 205 (Tex. 2001). Thus, a dismissal order following a nonsuit is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties. *See Crites,* 284 S.W.3d at 840–41; *Lehmann,* 39 S.W.3d at 205. A judgment signed after the trial court's plenary power has expired is void. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam). Our jurisdiction over an appeal from a void judgment is limited to vacating the judgment and dismissing the appeal. *See id*.

In the letter brief filed by appellant Lonergan Law Firm, it asserts the April nonsuit order was not final because the notice of nonsuit upon which it is based specifically listed the claims being dismissed and those claims did not include the claims against Ms. Lonergan. Appellants BAPA Brooklyn 2004 and Blount filed a separate letter brief. Like Lonergan Law Firm, they too focus on the notice of nonsuit listing the claims to be dismissed. Neither letter brief addresses, however, the finality language of the April nonsuit order. The order specifically states that it "disposes of all pending claims," and such language made the order final. *See Crites,* 284 S.W.3d at 840–41; *Lehmann,* 39 S.W.3d at 205. That the order

–3–

disposed of appellees' claims against Ms. Lonergan when such relief was not requested does not make it any less final. *See Lehmann* 39 S.W.3d at 200.

The April 21 order of nonsuit rendered the interlocutory summary judgment order final. *See Lehmann*, 39 S.W.3d at 205. That being so, the trial court's plenary power expired on May 21. *See* TEX. R. CIV. P. 329b(d). Because the November 18 nonsuit order was signed after expiration of the trial court's plenary power, it is void. *See Latty*, 907 S.W.2d at 486. Accordingly, we vacate the November 18 order and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

211138F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LONGERGAN LAW FIRM, PLLC,
BAPA BROOKLYN 2004, LLC,
AND JONATHAN BLOUNT,
Appellants


No. 05-21-01138-CV        V.


KRISTINA MABEY, Appellee

On Appeal from the 191st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-01216.
Opinion delivered by Chief Justice
Burns. Justices Molberg and Smith
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's November 18, 2021 Order Acknowledging Nonsuit Without Prejudice and **DISMISS** the appeal.

We **ORDER** that appellee Kristina Mabey recover her costs of this appeal from appellants Lonergan Law Firm, PLLC, BAPA Brooklyn 2004, LLC, and Jonathan Blount.


Judgment entered June 21, 2022.