

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00181-CV

———————————————

QAZI KAMAL HAIDER, Appellant

V.

ASSOCIATED PROPERTIES, L.P., A TEXAS LIMITED LIABILITY
PARTNERSHIP, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-318529-20

Before Bassel, J.; Sudderth, C.J.; and Birdwell, J.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

In the underlying case, the trial court signed a default judgment on October 1, 2020. Appellant Qazi Kamal Haider timely filed a motion to set aside the default judgment and requested a new trial[1] on October 29, 2020. The motion was not decided by a signed written order within seventy-five days after the judgment was signed, so it was deemed overruled by operation of law on December 15, 2020. *See* Tex. R. Civ. P. 329b(c), (e). The trial court maintained plenary power to reinstate the case until thirty days after the motion to reinstate was overruled, thus extending the trial court's plenary power until January 14, 2021. *See generally* Tex. R. Civ. P. 329b. The trial court thus lacked plenary power to reinstate the case on February 5, 2021, and to enter additional orders thereafter.

We therefore sent the parties a letter stating the following:

> The court is concerned it may not have jurisdiction over this appeal from the trial court's "Order Granting Plaintiff's Amended Traditional and No[-]Evidence Motion for Summary Judgment" signed on April 15, 2021, and the "Order Denying Movant's Motion for New Trial" signed on June 9, 2021, because it appears that the trial court lacked jurisdiction to reinstate the case on February 5, 2021, after previously signing a default judgment on October 1, 2020. *See In re Romero*, No. 01-21-00629-CV, 2022 WL 23939, at *2 n.4 (Tex. App.—Houston [1st Dist.] Jan. 4, 2022, [orig. proceeding]) (mem. op.).[2]

---

[1] We treat the motion as a motion for new trial.

[2] *See also Prescod v. Tkach*, No. 02-21-00162-CV, 2022 WL 246858, at *5 (Tex. App.—Fort Worth Jan. 27, 2022, no pet.) (mem. op.) ("The emergency orders [issued by the Texas Supreme Court dealing with the COVID-19 pandemic] do not give courts authority to revive jurisdiction once a *jurisdictional* deadline has passed.").

We further stated that, unless Appellant or any party desiring to continue the appeal filed within ten days a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We have received no response.

When, as here, an order or judgment is rendered by a trial court after its plenary power has expired, an appellate court's jurisdiction is limited to setting aside the order or judgment and dismissing the appeal for want of jurisdiction. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995). Accordingly, we vacate the trial court's "Order Granting Plaintiff's Amended Traditional and No[-]Evidence Motion for Summary Judgment" signed on April 15, 2021, and the "Order Denying Movant's Motion for New Trial" signed on June 9, 2021, as well as the trial court's order reinstating the case and any other order signed after January 14, 2021, and dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); *Latty*, 907 S.W.2d at 486; *Quariab v. El Khalili*, No. 05-20-00979-CV, 2021 WL 960646, at *2 (Tex. App.—Dallas Mar. 15, 2021, no pet.) (mem. op.).

Per Curiam

Delivered: September 22, 2022