

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-23-00022-CV

JOSE ANTONIO VENERO, APPELLANT

V.

JUAN ANTONIO LOZADA, APPELLEE

On Appeal from the 353rd District Court
Travis County, Texas
Trial Court No. D-1-GN-21-002358, Honorable Maya Guerra Gamble, Presiding

July 27, 2023

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Jose Antonio Venero, challenges the dismissal of his lawsuit under the Texas Citizens Participation Act ("TCPA"). Venero raises three issues: (1) the TCPA motion was not filed timely; (2) insufficient notice of the hearing; and (3) he presented sufficient evidence to satisfy his burden to make a prima facie showing of his case under the TCPA. Because the TCPA motion and hearing were held after the statutory

deadlines, we reverse the judgment of the trial court and remand this cause for further proceedings.[1]

## BACKGROUND

This appeal arises out of a libel and defamation lawsuit brought by Venero against Appellee, Juan Antonio Lozada. Venero alleges Lozada, a Florida attorney, made defamatory comments regarding Venero's immigration practice to a Venezuelan news outlet. Venero attempted to serve Lozada at Lozada's office in Austin, Texas, and when he was unable, completed substitute service by attaching a copy of the citation to the office door and mailing a copy to Lozada's address in Florida. Lozada received the citation of service and responded by filing a special appearance on December 6, 2021. On May 6, 2022, the trial court denied Lozada's special appearance.

On May 16, 2022, Lozada filed his TCPA motion, and the hearing on Lozada's TCPA motion was held on August 19, 2022. Venero's attorneys argued Lozada filed his TCPA motion more than sixty days after his special appearance and failed to give the statutory twenty-one days advance notice of the hearing. The trial court found in favor of Lozada, dismissed Venero's claims, and awarded Lozada over $32,000 in attorney's fees under the TCPA. Venero then filed this appeal.[2]

---

[1] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001. Should a conflict exist between precedent of the Third Court of Appeals and this Court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

[2] On July 21, 2023, Venero filed an opposed motion for judicial notice pending the release of this opinion. The motion requests the court take judicial notice of matters that are not dispositive of this appeal. This opinion renders the motion moot and the motion is therefore denied.

## STANDARD OF REVIEW

We review application of the TCPA by the trial court de novo. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018). The movant first bears the burden of meeting the statutory requirement of proving the challenged legal action is subject to the TCPA, and, if successful, then the nonmovant must present clear and specific evidence establishing a prima facie case for each essential element of his challenged claims. *Szymonek v. Guzman*, 641 S.W.3d 553, 564 (Tex. App.—Austin 2022, pet. denied). We review de novo the trial court's determinations that the parties met or failed to meet their respective burdens of proof. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019).

## ANALYSIS

The deadlines for filing and setting a hearing on a motion to dismiss under the TCPA are mandatory. *Morin v. Law Office of Kleinhans Gruber*, No. 03-15-00174-CV, 2015 Tex. App. LEXIS 8799, at *9–11 (Tex. App.—Austin Aug. 21, 2015, no pet.) (mem. op.). The TCPA requires the movant to file his motion to dismiss within sixty days of service of the complained-of action, and then must set a hearing within ninety days of service of the TCPA motion. §§ 27.003(b); 27.004(a), (b).[3] A failure to timely file and set a hearing within the statutory deadlines of the TCPA results in a forfeiture of the statute's protections, and a trial court should deny the TCPA motion in its entirety under these circumstances. *See Wightman-Cervantes v. Hernandez*, No. 02-17-00155-CV, 2018

---

[3] The hearing deadline may be extended to 120 days from the filing of the TCPA motion if the court grants limited discovery under Section 27.006(b) of the TCPA. § 27.004(c). While Venero filed a motion for discovery under Section 27.006(b), there is no order granting the motion in the record.

Tex. App. LEXIS 1150, at *12–13 (Tex. App.—Fort Worth Feb. 9, 2018, pet. denied) (mem. op.); *Morin*, No. 03-15-00174-CV, 2015 Tex. App. LEXIS 8799, at *11 (failure to set hearing within TCPA deadline is proper basis for denial of motion).[4]

Service of Venero's lawsuit was arguably completed at the latest on December 6, 2021, when Lozada filed his special appearance, and Lozada's deadline to file his TCPA motion was February 4, 2022. § 27.003(b). Lozada filed and served his TCPA motion on May 16, 2022, missing the sixty-day deadline and forfeiting his TCPA protections. *Supra*. Lozada argues the disposition of his special appearance on May 6, 2022, should be considered the date which triggered the sixty-day deadline. However, the filing of a special appearance does not prohibit the filing of a concurrent TCPA motion to preserve the movant's rights, and the statutory sixty-day filing deadline is triggered by the service of the legal action without any regard to the trial court's jurisdiction. *See In re Oak Creek Invs., LLC*, No. 05-22-00477-CV, 2023 Tex. App. LEXIS 66, at *7 (Tex. App.—Dallas Jan. 6, 2023, no pet.) (mem. op.) (special appearance does not extend deadlines for TCPA); *see also Wakefield v. British Med. Journal Publ'g Grp., Ltd.*, 449 S.W.3d 172, 180 (Tex. App.—Austin 2014, no pet.) mem. op.) (TCPA does not waive special appearance when filed concurrently).[5] Even assuming *arguendo* Lozada's filing of his TCPA motion was

[4] S*ee also Vertical Holdings, LLC v. LocatorX, Inc.*, No. 05-21-00469-CV, 2022 Tex. App. LEXIS 291, at *7–8 (Tex. App.—Dallas Jan. 14, 2022, no pet.) (mem. op.) (statutory analysis observes no exceptions to ninety-day deadline for setting hearing, except for order of discovery under TCPA); *Leach v. Schwartz*, 645 S.W.3d 906, 912–13 (Tex. App.—El Paso 2022, no pet.) ("[F]ailure to hold the hearing on a timely basis is both a reason to deny the motion, and a reason to reverse the TCPA motion if granted."); *cf. Hill v. Keliher*, No. 01-20-00419-CV, 2022 Tex. App. LEXIS 5411 (Tex. App.—Houston [1st Dist.] Aug. 2, 2022, no pet.) (mem. op.) (defendant filed TCPA motion within sixty-day deadline and set hearing within the ninety-day deadline).

[5] Lozada argues there is a procedural conflict between the special appearance and the TCPA because a defendant is potentially placed in a position of being forced to prosecute his TCPA motion prior to receiving resolution of the trial court's jurisdiction to hear the matter in the first place. *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) (a judgment is void when the court rendering judgment lacks jurisdiction

4

timely, the last day for Lozada to have his motion heard was August 15, 2022.[6]  The hearing on Lozada's TCPA motion did not occur until August 19, 2022.  At that point, Lozada forfeited the protections of the TCPA, and the trial court had no choice but to deny the motion.  We sustain Venero's first issue.[7]

## CONCLUSION

Because Lozada failed to adhere to the deadlines for filing and setting the hearing on his TCPA motion, the trial court erred by granting the motion.  We reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

Alex Yarbrough
Justice

---

over the parties, property, subject matter, to enter the particular judgment, or lacks capacity to act); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995).  While a defendant risks expending substantial time and expense in prosecuting a TCPA motion before his jurisdictional issue is resolve, the TCPA does not provide any exceptions to its deadlines. *Supra.*  Unfortunately, the onus is on the defendant to preserve his rights to challenge the plaintiff's causes of action as prescribed under Texas law, including the right to bring a TCPA motion.

[6] Technically, August 14, 2022, is ninety days following May 16, 2022, but because it fell on a Sunday, August 15, 2022, became the deadline.  TEX. R. CIV. P. 4.

[7] Because we resolve this appeal on Venero's first issue, we do not address his remaining issues. TEX. R. APP. P. 47.1.