**Vacate and Dismiss and Opinion Filed February 6, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00983-CV

## IN THE INTEREST OF C.K.M., A CHILD

**On Appeal from the 354th Judicial District Court**
**Hunt County, Texas**
**Trial Court Cause No. 91555**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Nowell
Opinion by Justice Molberg

By this appeal, the Texas Department of Family and Protective Services seeks to challenge the trial court's September 29, 2023 order sanctioning, on Mother's and Father's motions, the Department for filing a frivolous pleading. The pleading was filed in a suit the Department filed initially seeking temporary orders requiring Mother and Father to participate in services for the safety of C.K.M. and subsequently seeking the termination of Mother's and Father's rights to C.K.M.[1] *See* TEX. FAM. CODE §§ 161.001 (providing for involuntary termination of parent–child relationship), 264.203 (authorizing suit for temporary services for child's safety).

---

[1] The initial petition also sought the temporary services for the safety of C.K.M.'s siblings, but the subsequent petition did not seek the termination of Mother's and Father's rights as to the siblings.

Because the order was signed outside the trial court's plenary power, we vacate the order as void and dismiss the appeal. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam).

The sanctions order was signed after the trial court signed an order that, in part, reads as follows:

2.1 The Court finds that the *Temporary Orders for Required Participation in Services* in this case is no longer needed.

2.2. THEREFORE, THE COURT HEREBY terminates the *Temporary Order for Required Participation in Services.*

2.3 IT IS THEREFORE ORDERED that [attorney ad litem] earlier appointed to represent the child is relieved of all duties based on a finding of good cause.

2.4 The Clerk of this Court is hereby directed to remove this cause from the Court's docket and send notice to all parties that this cause is hereby dismissed.

The trial court signed this order ("the dismissal order") on August 21, 2023, following the Department's nonsuit of its petition for temporary services and petition for termination. At the time the dismissal order was signed, the sanctions motions filed by Mother and Father were pending and were to be heard "later this month." Also pending were counterpetitions Mother and Father had each filed for the sole managing conservatorship of C.K.M.

Although the dismissal order did not specifically address the Department's termination petition or Mother's and Father's sanctions motions and conservatorship petitions, because the order dismissed "this cause" and directed the Clerk of Court

to "remove this cause from the Court's docket," the order was final and triggered the running of the trial court's plenary power.  *See* TEX. R. CIV. P. 329b(d) (trial court retains plenary power over cause for thirty days after final judgment or order is signed); *In re Guardianship of Jones*, 629 S.W.3d 921, 924 (Tex. 2021) (per curiam) (judgment rendered without conventional trial on merits is final if it actually disposes of every pending claim and party or "clearly and unequivocally" states it finally disposes of all claims and parties, even if it does not actually do so); *Brashear v. Victoria Gardens of McKinney, L.L.C.*, 302 S.W.3d 542, 546 (Tex. App.—Dallas 2009, no pet.) (op. on reh'g) (order dismissing "the case" for want of prosecution disposed, "on its face," of all parties and claims and was final, despite appellant's argument that the order was interlocutory because it did not dispose of all of her claims).[2]  No motion for new trial or to modify judgment was filed, and the trial court's plenary power expired September 20, 2023.  *See* TEX. R. CIV. P. 329b(d).

Because an order signed outside the trial court's plenary power is void, and an appellate court's jurisdiction over an appeal taken from a void order is limited to vacating the void order and dismissing the appeal, we informed the parties that we would vacate the sanctions order and dismiss the appeal unless the parties demonstrated the order was not void. *See Freedom Commc'ns, Inc. v. Coronado*,

---

[2]  In *Brashear*, we rejected appellant's argument, stating, "We cannot agree with this logic, whereby the finality of an order depends on its validity. 'Even void orders must be timely appealed.'" 302 S.W.3d at 546 (quoting *Standifer v. Cepeda*, No. 05-05-00725-CV, 2005 WL 2212291, at *1 (Tex. App.—Dallas Sept. 13, 2005, no pet.) (mem. op.) (other citations omitted)).  The dissent appears to apply the same misguided logic we rejected in *Brashear*.

372 S.W.3d 621, 623 (Tex. 2012) (per curiam); *Latty*, 907 S.W.2d at 486. In letter briefs filed in response, Mother and Father agree the appeal should be dismissed but for a different reason: because their motions for sanctions and counterpetitions for sole managing conservatorship were pending at the time the dismissal order was signed, the judgment did not dispose of all claims and was not final.

The language of an order can make the order final, however, even though it should have been interlocutory. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 200 (Tex. 2001). An order that expressly disposes of the entire case is not interlocutory merely because the record does not show a legal basis for the disposition. *Id.* at 206. When the language of the order is clear and unequivocal, it must be given effect despite any other indication that it was not intended to be final. *Id.*

By dismissing "this cause" and directing the Clerk of Court to "remove this cause from the Court's docket," the trial court expressly disposed of the entire case, and the order was final, triggering the running of the trial court's plenary power. And because no plenary-power-extending motion was filed, the trial court's plenary power expired September 20, 2023, and the sanctions order, signed nine days later, is void. Accordingly, we vacate the sanctions order and dismiss the appeal. *See Latty*, 907 S.W.2d at 486.

We reach this conclusion based on principles that both we and the dissent agree this Court is bound by, namely, that a final judgment is demonstrated by a "clear indication that the trial court intended the order to completely dispose of the

–4–

entire case," *Lehmann*, 39 S.W.3d at 205, and that a clear and unequivocal statement of finality must be given effect even if review of the record would undermine finality. *Id*. at 206; *see In re R.R.K.*, 590 S.W.3d 535, 544 (Tex. 2019) ("If a judicial decree's finality is ambiguous, a reviewing court should examine the record to determine the trial court's intent.").

But after recognizing these binding principles, the dissent then fails to apply them. The dissent does so by flipping the analysis on its head, focusing on alleged "contrary indicators" of finality in the record to determine whether the dismissal order is final, rather than beginning and ending with the clear and unequivocal statement of finality in the dismissal order, which dismissed "this cause" and directed the Clerk of Court to "remove this cause from the Court's docket."[3] In this case, because the language of the dismissal order makes its finality unambiguous, there is no reason to examine the record to determine the trial court's intent.

/Ken Molberg//
KEN MOLBERG
230983f.p05                                                   JUSTICE

Pedersen, J., dissenting

---

[3] According to the dissent, one such "contrary indicator" is the consolidation order signed August 22, 2023. But while the order was signed on that date, the trial court's ruling to consolidate was made August 10, 2023, according to the docket sheet, and according to the purported reporter's record, was reaffirmed on August 21, 2023—prior to the signing of the dismissal order. Thus, while we do not believe we may look beyond the dismissal order to determine its finality, considering its certainty regarding dismissal of the case and removal from the trial court's docket, even if we could look to the record, as the dissent does, we do not interpret the August 22, 2023 order as a "contrary indicator" to finality under the circumstances.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF C.K.M., A
CHILD

No. 05-23-00983-CV

On Appeal from the 354th Judicial
District Court, Hunt County, Texas
Trial Court Cause No. 91555.
Opinion delivered by Justice
Molberg, Justices Pedersen, III and
Nowell participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's September 29, 2023 sanctions order and **DISMISS** the appeal.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of February, 2024.