**DISMISS and Opinion Filed April 16, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00168-CV

**ALFRED COOPER, Appellant**
**V.**
**SHERRY LEE HERNDON SMITH AND ALPHONSO SMITH, Appellees**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-00276-A**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Pedersen, III, and Justice Goldstein
Opinion by Chief Justice Burns

Appellant appeals from the trial court's October 28, 2022 order of dismissal for want of prosecution. The trial court previously dismissed the case for want of prosecution by order signed on December 7, 2020. Appellant filed a timely motion to reinstate that was overruled by operation of law on February 22, 2021. *See* TEX. Rs. CIV. P. 4, 165a(3). Although the trial court's plenary power to reinstate the case expired thirty days later on March 24, 2021, the trial court signed an order granting the motion on April 6, 2021. *Id.* 165a(3). In light of these circumstances. we questioned our jurisdiction over this appeal because it appeared that the trial

court's April 6, 2021 order granting appellant's motion to reinstate and the subsequent dismissal order that is the subject of this appeal appear are void because they were rendered after the trial court lost plenary power. *See State ex. rel Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) (per curiam) (action taken by trial court after plenary power expires is void). When an appeal is taken from a void order, an appellate court cannot reach the merits of the appeal but can only vacate the void order and dismiss the appeal. *See id*. As directed, appellant filed a letter brief addressing the jurisdictional issue.

In his letter brief, appellant stated that the trial court conducted a hearing on the motion to reinstate on March 8, 2021 and timely granted the motion in open court. Appellant filed a motion for judgment nunc pro tunc with the trial court on April 17, 2023 to correct the "clerical error of the mistaken date." The trial court denied appellant's motion for judgment nunc pro tunc. In the order, the trial court explains that, at the conclusion of the March 8th hearing, it took the matter under advisement. The trial court confirmed that the order was, in fact, signed on April 6, 2021. The reporter's record of the March 8th hearing confirms the trial court's statements.

The April 6, 2021 order and the October 28, 2022 dismissal order are void because they were signed after the trial court lost plenary power. *See Owens*, 907

S.W.2d at 486.  Accordingly, we vacate the trial court's April 6, 2021 and October

28, 2022 orders and dismiss the appeal.  *See id*.

/Robert D. Burns, III
ROBERT D. BURNS, III
230168F.P05                CHIEF JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

ALFRED COOPER, Appellant

No. 05-23-00168-CV          V.

SHERRY LEE HERNDON SMITH
AND ALPHONSO SMITH,
Appellees

On Appeal from the County Court at
Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-00276-
A.

Opinion delivered by Chief Justice
Burns. Justices Pedersen, III and
Goldstein participating.

In accordance with this Court's opinion of this date, the trial court's April 6, 2021 and October 28, 2022 orders are **VACATED** and the appeal is **DISMISSED**.

It is **ORDERED** that appellees SHERRY LEE HERNDON SMITH AND ALPHONSO SMITH recover their costs of this appeal from appellant ALFRED COOPER.

Judgment entered April 16, 2024